VOLVO OF AMERICA CORP. *v.* SCHWARZER, U. S. DISTRICT JUDGE (ROSACK ET AL., REAL PARTIES IN INTEREST)

No. A–395.   Decided November 15, 1976

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicant seeks a stay of an order of the District Court for the Northern District of California remanding this case to the California state-court system.   Because I believe, for the reasons outlined below, that the order of the District Court is not subject to review, the application will be denied.

This state-law antitrust action was originally brought by Charlene Rosack in the California Superior Court for San Mateo County seeking damages individually and on behalf of a class of persons who purchased new Volvo automobiles from California Volvo dealers during the years 1967–1976. Defendants removed the action to the Federal District Court pursuant to 28 U. S. C. § 1441 (a), alleging that the action was within the original diversity jurisdiction of this court as prescribed in 28 U. S. C. § 1332.   Plaintiff moved to remand the action to the state court on the ground, *inter alia,* that the amount in controversy did not exceed $10,000 as required by § 1332.   The District Court granted the motion. Its action was premised on the belief that the case "must be treated as a class action for the purpose of determining jurisdictional issues," whereas here "it appears that only a few members of a class estimated to have some 50,000 mem-

bers meet the jurisdictional requirement." The District Court accordingly held:

"It thus appears to a legal certainty that this Court does not have jurisdiction of this action. It is a class action brought on behalf of a class of plaintiffs the vast majority of which do not satisfy the amount in controversy requirement with respect to their separate and distinct claims. Under *Zahn* [v. *International Paper Co.*, 414 U. S. 291 (1973)], all of those plaintiffs would have to be dismissed and, if feasible, a class substantially different from that on whose behalf the action was brought certified. Accordingly, since the action could not be maintained in this Court on behalf of the class for which it was brought, it must be remanded. 28 U. S. C. § 1447 (c)."[1]

Applicant attacks this conclusion, contending that since the District Court specifically found that jurisdiction existed over "a few members of" the class, the court's order remanding the entire action was not authorized by 28 U. S. C. § 1447 (c). The flaw in this argument is that, while the District Court may have been wrong in its analysis, it clearly stated, citing to § 1447 (c), that it considered itself without jurisdiction. The District Court therefore thought it was acting in accordance with § 1447 (c), which allows a remand where an action is "removed improvidently and without jurisdiction." Review of this order, therefore, is presumptively barred by the operation of 28 U. S. C. § 1447 (d):

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

---

[1] The Ninth Circuit denied the petition for a writ of mandamus and/or prohibition on November 11, 1976.

We held last Term in *Thermtron Products, Inc.* v. *Hermansdorfer,* 423 U. S. 336 (1976), where the District Court ordered a remand because of its crowded docket, that § 1447 (d) did not bar review of remand orders "issued on grounds not authorized by § 1447 (c)," 423 U. S., at 343.[2] But the District Court here *did* base its order on § 1447 (c). *Thermtron* is of no help to applicant as the remand was explicitly based on an allegedly erroneous finding that the court "does not have jurisdiction of this action," see 423 U. S., at 343–344. Applicant's position would mean that any allegedly erroneous application of § 1447 (c) would be reviewable by writ of mandamus, leaving the § 1447 (d) bar extant only in the case of allegedly proper applications of § 1447 (c), a reading too Pickwickian to be accepted, and contrary to the clear language of *Thermtron.*[3]

Since I do not believe four Members of this Court would find the order of the District Court subject to review, the application for a stay is denied.

---

[2] In *Thermtron,* the District Court acknowledged that the defendant had a "right" to remove the action, pursuant to 28 U. S. C. § 1441, but that this right had to be " 'balanced against the plaintiffs' right to a forum of their choice and their right to a speedy decision on the merits of their cause of action.' " 423 U. S., at 340. As we noted, that order "was based on grounds wholly different from those upon which § 1447 (c) permits remand." *Id.,* at 344.

[3] "It is unquestioned in this case and conceded by petitioners that this section prohibits review of all remand orders issued pursuant to § 1447 (c) *whether erroneous or not* . . . . If a trial judge purports to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is not subject to challenge in the court of appeals by appeal, by mandamus, or otherwise." 423 U. S., at 343 (emphasis added).