FIRST NATIONAL BANK IN PALM
BEACH, a National Banking
Association, Plaintiff,

v.

Dewitt T. LANGFORD, et al.,
Defendants.

No. 83–8282–CIV–JAG.

United States District Court,
D. Florida, S.D.

Sept. 15, 1983.

Edward Marod, Gunster Yoakley, Criser & Stewart, P.A., Palm Beach, Fla., for plaintiff.

Brian F. Spector, Kevin J. Murray, Miami, Fla., Williamson & Rehill, Newark, N.J., for defendant, T.H.E. Insurance Co.

Louis S. Franecke, San Francisco, Cal., Robert R. Hutchings, St. Louis, Mo., for U.S. Central Underwriters Agency, Inc. & Dewitt T. Langford.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court for review upon the plaintiff, FIRST NATIONAL BANK IN PALM BEACH'S, Motion for Remand or an Order Pursuant to 28 U.S.C. Section 1292(b).

This cause was remanded by this court to the Circuit Court for the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, Florida on June 15, 1983. On June 20, 1983, defendant, T.H.E. Insurance Company, filed an emergency motion to stay this Court's order of remand and for reconsideration. On June 23, 1983, this motion was granted by this court and the order of June 15, 1983 was vacated thereby removing this cause back to federal court.

The thrust of plaintiff's argument in their motion to remand is that orders of remand are not reviewable by appeal or otherwise, including rehearing or reconsideration by the district court which issued the order of remand. Plaintiff makes this argument by means of analogy. There is considerable case law indicating that an order remanding a case to state court from which it was removed is not reviewable on appeal. *Gravitt v. Southwestern Bell Tel. Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977); *Royal v. State Farm Fire & Casualty Co.,* 685 F.2d 124 (7th Cir.1982); *Volvo of America v. Schwarzer,* 429 U.S. 1331, 97 S.Ct. 284, 50 L.Ed.2d 273 (1976).

Review of such an order, when permitted, should be made by mandamus rather than direct appeal. *Thermtron Products Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). The plaintiff's argument equates interlocutory appeals to the Circuit Court of Appeals with motions to the district court for reconsideration.

Plaintiff's argument, however, does not serve the underlying rationale behind prohibition against interlocutory appellate review of remand decisions, that rationale

being the avoidance of interrupting the orderly process of a suit by prolonged delays caused by litigation over questions of the district court's jurisdiction. *See: United States v. Rice,* 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946); *Merrill Lynch, Pierce, Fenner & Smith, Incorporated,* 637 F.2d 391 (5th Cir.1981). This rationale is not applicable to the instant case.

In *Bucy v. Nevada Construction Co.,* 125 F.2d 213 (9th Cir.1942), the issue of the right of the district court to vacate a remand order was raised. Originally, the court directed a remand of the removed action on the grounds that it lacked jurisdiction. Thereafter, the district court became aware of recent case law which dictated an opposite result. Acting within three (3) days of the entry of the remand order, the district court vacated the order and denied the motion to remand. In affirming the district court's actions, the Ninth Circuit relied on the broad common law power inherent in the court's "to deal with situations where, in justice and good conscience relief should be granted from manifest error." *Id.* at 217.

The circumstances in this case are very similar to those affirmed in *Bucy.* The remand order was issued on incomplete information in both cases. In *Bucy,* the Judge did not consider a Supreme Court decision handed down five days prior to his original order. In this case, this court did not have before it T.H.E Insurance Company's, previously filed and timely papers setting forth the basis entitling it to denial of the bank's argument to remand the case. This court, as in *Bucy,* acted promptly, and vacated the prior order within seven (7) days before the state court could again resume jurisdiction.

In conclusion, this court finds that it clearly had jurisdiction to reconsider its order of remand dated June 15, 1983.

Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Remand or an Order Pursuant to 28 U.S.C. Section 1292(b) be and the same is hereby DENIED.