**NEUROLOGICAL ASSOCIATES—H. HOOSHMAND, M.D., P.A., a Florida Professional Association and Hooshang Hooshmand, M.D., Plaintiffs,**

v.

**BLUE CROSS/BLUE SHIELD OF FLORIDA, INC., a Florida corporation, Defendant.**

**No. 85-8724-CIV-ZLOCH.**

United States District Court, S.D. Florida.

March 21, 1986.

As Amended April 29, 1986.

---

Roy L. Glass, St. Petersburgh, Fla., for plaintiffs.

Robert L. Chesnut, Washington, D.C., and Susan H. Aprill, Asst. U.S. Atty., Miami, Fla., for defendant.

## FINAL ORDER

ZLOCH, District Judge.

THIS CAUSE is before the Court upon the following Motions: (1) Defendant's Motion for Reconsideration of the Court's Order of Remand Dated January 10, 1986 Pursuant to Fed.R.Civ.P. 59(e) (DE 13), (2) Plaintiffs' Motion for Contempt (DE 23), (3) Plaintiffs' Motion to Strike Defendants' Petition for Removal (DE 24), (4) Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) (DE 30).

This action was originally commenced in state court by the filing of a Complaint on November 22, 1985. Plaintiffs are a professional association and the medical doctor who is both the owner and an employee of the professional association. The doctor and his employees provide diagnostic and treatment services in the field of neurology. The Complaint describes injury resulting from the Plaintiffs' participation in the Medicare program. Defendant, BLUE CROSS/BLUE SHIELD, is a Medicare Part B carrier and fiscal intermediary under contract to the United States Department of Health and Human Services to administer the Medicare Part B program for the entire state of Florida. As such, Defendant is responsible for the processing and payment of claims including the determination of coverage and the detection of unusual patterns of practice and suspected fraud. Plaintiffs' relationship with the Medicare program is by way of a Medicare Participating Physician Or Supplier Agreement.

Under that Agreement, the Plaintiffs agreed to accept assignment of Medicare payments for all services covered under Medicare and further agreed that they would not collect for their services from the patient but would rather receive payment directly from Medicare. By letter dated October 31, 1985, Defendant notified the Plaintiffs that an office of the Department of Health and Human Services instructed Blue Cross to immediately suspend payments on all assigned claims submitted by the Plaintiffs. As stated in the letter, which is attached to the Complaint as Exhibit "C", "this action is based on a determination by the Health Care Financing Administration that Medicare claims have been submitted for services which were misrepresented or not rendered." The suspension letter further indicated that Blue Cross would continue to process claims which had been suspended but no payment would be made until a further investigation of the circumstances giving rise to the suspension had been made.

The state court issued a preliminary injunction order which held that Plaintiffs were entitled to a post-suspension hearing pursuant to 42 U.S.C. section 1395y(d)(3). The injunction ordered that such hearing take place no later than January 20, 1986 and that Defendant turn over all information supporting the allegations of fraud or misrepresentation against Plaintiffs by January 8, 1986.

On December 23, 1985, a Petition for Removal was filed in this Court. On January 9, 1986, the Secretary of Health and Human Services, on behalf of Blue Cross, filed an Emergency Motion to Vacate and Dissolve State Court Order and for Emergency Hearing. This Court on January 10,

1986, issued an Order denying that motion and dismissing the Petition for Removal for lack of jurisdiction on the grounds that the government, which was not a party to the state court action, had sought the removal and made the subsequent motion for relief from the state court order, and further that this Court did not have jurisdiction. Subsequently, on January 15, 1986, this Court issued an Order staying its January 10th Order, pending resolution of the Defendant's motion for reconsideration of that Order. Defendant's Motion for Reconsideration will now be considered.

## DEFENDANT'S MOTION FOR RECONSIDERATION

■ This Court has authority to reconsider its January 10th Order to determine whether this is a situation "where, in justice and good conscience relief should be granted from manifest error." *First National Bank in Palm Beach v. Langford*, 570 F.Supp. 697 (S.D.Fla.1983) *quoting Bucy v. Nevada Construction Company*, 125 F.2d 213 (9th Cir.1942). For the following reasons, the Court finds that the present motion presents such a situation.

This Court in its January 10th Order, expressed the opinion that the wrong party, i.e., the Secretary of Health and Human Services, had sought removal of this action. That situation has now been clarified. At the hearing on the Motion for Reconsideration, the Justice Department attorney who appeared announced that he was appearing on behalf of Defendant, BLUE CROSS/BLUE SHIELD. This procedure, a government attorney representing the Medicare fiscal intermediary, appears to be identical to the situation that was presented in *Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55 (5th Cir.1975). A good deal of confusion could have been avoided had the Government either moved to intervene as a defendant (or moved to have itself substituted as a party defendant) or simply announced that the Justice Department attorneys were appearing on behalf of Blue Cross from the outset. Instead, the Petition for Removal was filed by the Secretary of Health and Human Services, a non-party, on behalf of Blue Cross/Blue Shield of Florida, Inc. The Secretary was not named as a defendant in the original Complaint and, to this date, has not sought by appropriate motion to become a party in this case. Nonetheless, it appears that Defendant Blue Cross is entitled to the relief that the Justice Department seeks for it.

Under the controlling authority of the *Peterson* case, this action is removable by Blue Cross under 28 U.S.C. Section 1442(a)(1). In *Peterson*, the court addressed the removability of two actions. In one of those actions, the only defendants were Blue Cross/Blue Shield of Texas and two other private corporations. In addressing the removability issue in both cases, the court held that it was "indisputable" that the defendants fell within the scope of 28 U.S.C. section 1442(a)(1) which allows for removal by a defendant who is a "officer of the United States or any agency thereof, or persons acting under him," and the defendants were "acting under color of such office." The Court notes that the Defendant has retreated from its former position that this case is also removable under the general removal jurisdiction statute, 28 U.S.C. section 1441.

## DEFENDANT'S MOTION TO DISMISS

It is clear that the Complaint in this case seeks relief under the Medicare Act. The gist of Plaintiffs' claims is that the Act and regulations promulgated thereunder, as well as notions of constitutional due process, entitle Plaintiffs to a due process hearing prior to, or immediately upon, the suspension that occurred in this case. A review of the Complaint as well as Plaintiffs' Memorandum of Law in Support of Demand for Preliminary Injunctive Relief, which was filed in the state court action, confirms that Plaintiffs' action is grounded upon the Medicare statute. Indeed, the state court order granting the preliminary injunction relies exclusively on a portion of the Act, section 1395y(d)(3), and three cases interpreting it, as authority for the relief

issued. *Klein v. Heckler*, 761 F.2d 1304 (9th Cir.1985); *Ram v. Heckler*, 617 F.Supp. 612 (W.D.N.C.1985); *Eisenberg v. Matthews*, 420 F.Supp. 1274 (E.D.Pa.1976).

Plaintiffs' contention that this is essentially an action for breach of contract is of no avail. The contract in this case is a standard form used by the government to make agreements with medical providers who participate in the Medicare program under the Medicare law and regulations. It is simply the Government's mechanism to carry out the Medicare Act and the regulations.

The United States Supreme Court has determined that when a claim is made seeking the payment of benefits under the Act, it should be treated as a "claim arising under" the Medicare Act. *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). The Court was clear that the "claim arising under" language of the statute should be construed broadly. Such a broad construction reinforces the conclusion that the present action is, in essence, an action under the Medicare Act.

■ Because this is an action under the Medicare Act, the state court had no jurisdiction. Claims such as this one are reviewable, if at all, under 42 U.S.C. section 405(g). Section 405(g) provides for judicial review only in federal court. Where a review statute vests jurisdiction to review administrative action in a particular court, that statute automatically precludes jurisdiction in any other court over such actions. *Macauley v. Waterman Steamship Corporation*, 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839 (1946).

■ Under the doctrine of derivative jurisdiction, if a state court lacks jurisdiction over a matter, then a federal court to which the action is removed must dismiss the Complaint even though the federal court would have had jurisdiction if the case had originally been filed there. *McRory v. Hobart Brothers*, 732 F.2d 1533 (11th Cir.1984); *Armstrong v. Alabama Power Company*, 667 F.2d 1385 (11th Cir.1982). Thus, if the case was improperly filed in

state court, it should be dismissed in this Court. *Cummings v. United States*, 648 F.2d 289, 291–292 (5th Cir.1981). This Court will, therefore, dismiss this action under the doctrine of derivative jurisdiction. By doing so, this Court does not reach the issue of whether this action could properly be brought in federal district court in the first instance. Compare *United States v. Erika*, 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982) (no jurisdiction over Medicare Part B claims) with *Klein v. Heckler*, 761 F.2d 1304 (9th Cir.1985), (judicial review of Medicare Part B fraud determinations allowed under section 405(g)).

In light of the foregoing, Plaintiff's Motion to Strike Defendant's Petition for Removal will be denied. Plaintiff's Motion for Contempt will be denied as well. The usual rule is that an injunction must be obeyed even if wrongfully issued. However, for that rule to apply, the court issuing the injunction must have jurisdiction over the subject matter. The rule has been stated by the United States Supreme Court thusly:

> "An injunction duly issuing out of a court of general jurisdiction with equity powers, *upon pleadings properly invoking its action,* and served upon persons made parties therein and within the jurisdiction, must be obeyed by them, however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming, but void law going to the merits of the case.

*United States v. United Mine Workers*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947). (Emphasis added). In the present case, the jurisdiction of the state court was not properly invoked. Therefore, the usual rule requiring adherence to an erroneously issued injunction does not apply.

For the foregoing reasons, it is

ORDERED AND ADJUDGED as follows:

1. Defendant's Motion for Reconsideration of the Court's Order of Remand (DE 13) be and the same is GRANTED.

2. Plaintiffs' Motion for Contempt (DE·23) be and the same is DENIED.

3. Plaintiffs' Motion to Strike Defendant's Petition for Removal (DE 24) be and the same is DENIED.

4. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) (DE 30) be and the same is GRANTED.

5. This cause be and the same is hereby dismissed, without prejudice.