**CITY OF VALPARAISO, INDIANA, a municipal corporation, Plaintiff,**

v.

**IRON WORKERS LOCAL UNION # 395, et al., Defendants.**

**Civ. No. H 87–507.**

United States District Court,
N.D. Indiana,
Hammond Division.

Dec. 4, 1987.

R. Bradley Koeppen, City Atty., Valparaiso, Ind., Stanley E. Niew, Niew & Kitzka, Brook, Ill., for plaintiff.

## ORDER

MOODY, District Judge.

This matter is before the court on a "Motion to Reconsider Remand and For Rule 11 Sanctions Against Plaintiff" filed September 25, 1987 by defendants Iron Workers Local Union # 395, Laborers International Union of North America, Locals # 41 and # 81, and the International Union of Operating Engineers, Local # 150 AFL-CIO, (collectively the "defendants"). The plaintiff City of Valparaiso filed in opposition on October 7, 1987, to which the defendants replied on October 16, 1987. For the reasons discussed below, the defendants' motion to reconsider is denied for lack of subject matter jurisdiction and defendants' counsel is to be fined $1,000 as a Fed.R.Civ.P. 11 sanction.

## I.

### Background

On September 9, 1987, this action was removed to federal court from the Superior Court of Porter County, Indiana by defendants. In their removal petition, defendants maintained that plaintiff's complaint alleged a federal question and was therefore subject to removal pursuant to 28 U.S.C. § 1441(b). In particular, defendants argued that plaintiff's complaint contained allegations that fell within the framework of § 303 of the Labor–Management Relations Act. The next day, the plaintiff City filed a motion for remand arguing that its complaint implicated no federal claim.

At the time the case was removed, a temporary restraining order issued by the state court was in force and was due to expire shortly. In an effort to maintain the status quo, the court gave plaintiff's remand motion its immediate attention and notified the parties of its intent to expedite its consideration. Four days later, on September 14, 1987, the court entered a one-page order remanding this action to state court pursuant to 28 U.S.C. § 1447(c) and, on September 16, 1987, the court issued an eight-page order explaining in more detail its reasoning for the remand. *See City of Valparaiso, Indiana v. Iron Workers Local Union # 395*, 669 F.Supp. 912 (N.D.Ind. 1987).

In its published order, the court explained that the City's complaint failed to invoke federal subject-matter jurisdiction because, on its face, it did not implicate a federal question. *Id.* at 914–15. As a result, the court found that the action had been improvidently removed, 28 U.S.C. § 1447(c), and remanded the case to the state court.

On September 25, 1987, defendants' attorney filed a ten-and-one-half page motion for reconsideration asking the court to reevaluate its remand order and to impose Rule 11 sanctions upon plaintiff's attorneys for allegedly filing deceptive pleadings. In his motion, defendants' counsel did not address the issue of whether the court had jurisdiction to reconsider its remand order. The plaintiff City filed in response to the motion to reconsider and argued, *inter alia*, that this court lacked jurisdiction to review its own remand decision. The City cited several cases for the proposition that once a district court remands a case under § 1447(c), that court is divested of jurisdiction over the case and is powerless to review its own decision. In his reply, defendants' attorney again failed directly to address the question of whether this court had jurisdiction to review its own remand order; instead, he devoted the majority of his reply to a very limited exception to the prohibition against appellate review.

## II.

### Jurisdiction

■ In determining whether this court has subject matter jurisdiction to review its own remand order, the court looks first, as should the parties, to the relevant statute— 28 U.S.C. § 1447(d), which provides:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (1987). The language of this provision is clear, except in cases removed under § 1443 (civil rights actions), remand orders are not reviewable on appeal or *otherwise*. Any lingering doubt is easily dispelled by a quick survey of the relevant case law, for it is universally held that once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction, even if it later changes its mind. *United States v. Rice*, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946); *New Orleans Public Service, Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir.1986) (citing *Browning v. Navarro*, 743 F.2d 1069, 1077–80 (5th Cir.1984), *reh'g denied en banc*, 747 F.2d 1465 (5th Cir.1984)); *Boone Coal and Timber Co. v. Polan*, 787 F.2d 1056, 1059–61 (6th Cir.1986); *Pelleport Investors, Inc. v. Budco Quality Theatres*, 741 F.2d 273, 279 n. 3 (9th Cir.1984); *Three J. Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir.1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed. 2d 327 (1980); *Federal Deposit Insurance Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir.1979); (citing *In re Providencia Development Corp.*, 406 F.2d 251, 252–53 (1st Cir.1969)); *Eby v. Allied Products Corp.*, 562 F.Supp. 528, 531–32 (N.D.Ind. 1983); *see also* 14A C.Wright, A.Miller & E. Cooper, *Federal Practice and Procedure* § 3739 (1985 & Supp. 1987); 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.169[2.–1] (2d ed. 1987).

The policies behind this universally held rule are obvious; removal to the prejudice of state-court jurisdiction is a privilege to be strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941), and a state court should be interferred with, at most, only once. "[I]n order to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues," *Thermtron Productc, Inc. v. Hermansdorfer*, 423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976) (citing *United ed States v. Rice*, 327 U.S. 742, 751, 66 S.Ct. 835, 838, 90 L.Ed. 982 (1946)), review of remand orders is severly limited. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity.

[An] action must not ricochet back and forth depending upon the most recent determination of a federal court.... [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed: nothing could be more inclusive than the phrase "on appeal or otherwise." The district court has one *shot, right or wrong*.

*In re Providencia*, 406 F.2d at 252–53 (emphasis in original).

A review of the record in this case reveals that a certified copy of the court's one-page remand was mailed to the state court on September 14, 1987 and the state court acknowledged receipt of the order on September 21. Counsel for defendants filed his motion to reconsider four days later on September 25, thus, by any reading of the record, this court lost all jurisdiction before defendants' filing. Nevertheless, in the face of these formidable legal and factual obstacles, defendants' counsel persisted in pressing his claim.

In asking the court to reconsider its remand, defendants' counsel relied exclusively on a very narrow exception to the prohibition against appellate review. In *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the Supreme Court held that when a

district court remands a case for "grounds not specified in the statute and not touching on the propriety of the removal," an appellate court may correct the district court's error by mandamus. *Id.* at 352, 96 S.Ct. at 593. The district court in *Thermtron* remanded the case because of its busy docket—a ground "wholly different from those upon which § 1447(c) permits remand." *Id.* at 344, 96 S.Ct. at 589. However, because *Thermtron* dealt with appellate jurisdiction and not a district court's power to review its own remand order, defense counsel's reliance on that case is misplaced. It has always been understood that once a district court has decided to remand a case and has so notified the state court, the district judge is without power to take any further action. See the cases cited at page 468, *supra*. As these cases (which discuss *Thermtron*) demonstrate, neither *Thermtron* nor any other opinion cited by defendants has altered this basic rule.

Even assuming, *arguendo*, that *Thermtron* somehow altered the authority of district courts to review their own orders, defendants' motion would still be denied for lack of jurisdiction because, unlike the district court in *Thermtron*, this court clearly stated that plaintiff's complaint did not implicate a federal question and that it failed to invoke federal jurisdiction. 669 F.Supp. at 914–15. As a result, this court found that the action had been improvidently removed and ordered it remanded to state court pursuant to § 1447(c). *Id.* The Supreme Court has strictly construed its *Thermtron* holding, thus, when a district court expressly invokes § 1447(c) and states that it lacks jurisdiction and that a case was improvidently removed, "§ 1447(d) unmistakenly commands that the order remanding a case ... is not reviewable on appeal or otherwise." *Gravitt v. Southwetern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam); *see also Volvo of American Corp. v. Schwarzer*, 429 U.S. 1331, 97 S.Ct. 284, 50 L.Ed.2d 273 (1977) (J. Rehnquist, in chambers as Circuit Justice). Thus, putting aside the district court jurisdictional problem for a moment, it is evident that even *Thermtron* would bar review in this case.

Defendants' attorney also made much of the fact that the court entered its remand order before he filed a response. As the court noted in its published order, 669 F.Supp. at 915 n. 6, a response was not necessary in these circumstances because in determining the propriety of the removal, the court was limited to the face of the complaint. *Oglesby v. RCA Corp.*, 752 F.2d 272, 275 (7th Cir.1985). The defendants had no statutory or constitutional right to be heard. *Three J. Farms*, 609 F.2d at 116. Moreover, the fact that the court expedited its ruling did not enter into its substantive determination of whether or not plaintiff's complaint implicated a federal question; the court merely shortened the time in which it exercised its judgment on that issue. In an ideal world, litigants and courts alike would have unlimited time in which to file briefs and to render decisions; this, however, is not a perfect world and deadlines are not new to federal litigants and courts. The Federal Rules of Civil Procedure and most local rules are replete with filing deadlines, likewise, there are countless other statutory and discretionary (with the court) time limits. Defendants were in no way "entitled" to file a brief in this case and, as pointed out earlier, one was not needed. The court's decision, rendered without the benefit of defense counsel's input, caused no prejudice to him or his clients.

Therefore, because the court has no jurisdiction to reconsider its remand order, defendants' motion is DENIED.

## III.

### *Sanctions*

Even though this court has no jurisdiction to reconsider its remand order, it has both the power and the duty to enforce Fed.R.Civ.P. 11. *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1078–79 (7th Cir.1987). After considering defense counsel's two briefs in light of the overwhelming law to the contrary, the court is

compelled to impose Rule 11 sanctions for filings not warranted by existing law.

Rule 11 of the Federal Rules of Civil Procedure provides that if an attorney files signed documents that are not reasonably based on the law, then "the court upon motion or upon its own initiative *shall* impose ... an appropriate sanction." Fed.R. Civ.P. 11 (emphasis added). In this circuit the law is clear, "[i]f the district court concludes that the motion, pleading, or other document was not ... warranted by the existing law ... then the court *must* impose a sanction." *Brown v. Federation of State Medical Boards of the United States,* 830 F.2d 1429, 1433-45 and n. 3 (7th Cir.1987) (collecting cases) (emphasis added).

### A.

■ In *Brown,* the Seventh Circuit detailed the relevant factors to be considered by a district court when sanctioning an attorney for failing to make a reasonable inquiry into the law.

To determine whether the attorney in question made a reasonable inquiry into the law, the district court should consider the amount of time the attorney had to prepare the document and research the relevant law; whether the document contained a plausible view of the law; the complexity of the legal questions involved; and whether the document was a good faith effort to extend or modify the law.

*Id.* at 1435 (citations omitted). In the present case, defendants' attorney was notified by telephone on September 14, 1987 of the court's decision to remand this action; eleven days later he filed his motion to reconsider. The plaintiff City requested and the court granted it leave to file in opposition by October 7, 1987. The City filed its response on the 7th and defendants' attorney asked for leave to file a reply by the 20th; the court granted his request; he ultimately filed his reply on October 16, 1987. Defendants' counsel had in excess of 30 days from the court's original decision to the filing of his reply brief in which to conduct necessary research; consequently, he had ample time to prepare his documents and to research the relevant law.

Defense counsel's view of the law, as it applies to district courts, is not only implausible but also lacks support of any kind. As already discussed, his argument on the reviewability of remand orders is fairly accurate for appellate courts, but it is wholly inaccurate and actually inapplicable to district courts. Likewise, the jurisdictional question presented here was straightforward and lacked any hidden complexities. For an attorney who looks in earnest, research on this issue produces a wealth of case authority.

An inquiry into whether defendants' counsel's filings constituted a good-faith effort to extend or modify the law is made easy because he essentially ignored the question of whether or not this court had jurisdiction to review its remand order. Nevertheless, giving him the benefit of the doubt and reading his reply brief in the most charitable light, fragments of an argument can be found in two sentences. The first is found at page three of his October 16 brief where he stated:

All of the cases cited by plaintiff to support its proferred proposition that this Court cannot reconsider its earlier order of remand are cases decided *before Thermtron* and obviously since *Thermtron* altered the entire concept, these earlier cases have no bearing.

(Emphasis in original). Immediately following this statement, defendants' attorney quoted extensively from the *Thermtron* opinion for the proposition that *appellate* courts may use their mandamus power to correct a district court's remand order which was not based on the law. Significantly absent from his brief is any discussion of how *Thermtron* "obviously" affected the scope of a district court's power to review its own order. Likewise, he made no mention of the many post-*Thermtron* cases which continue to hold that a district court has no jurisdiction to reconsider its own remand. See *Majoue,* 802 F.2d at 167, and the cases cited at page 468 of this order. By ignoring this wealth of authori-

ty, defense counsel's brief suffers from an "'ostrich-like tactic of pretending that potentially dispositive authority against [his] contentions does not exist.'" *Szabo*, 823 F.2d at 1081 (quoting *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1198 (7th Cir. 1987)). Defendants' attorney ignored rather than acknowledged the force of existing law, consequently, his reply brief cannot be seen as an attempt to alter or amend the law. *Szabo*, 823 F.2d at 1082.

The second fragment of his argument is found in his conclusion where he asserted:

> Professional courtesy dictates that we first give this Court an opportunity to review its earlier decision, particularly since we were given the opportunity to respond to the motion for remand.

This begs the question, that is, does this court have the power to review its order? Frivolous filings are neither professional nor courteous. What is professionally required is for "counsel to study the law before representing its contents to a federal court." *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir.1986). Defense counsel's research stopped at *Thermtron;* he either did not look further or did not like what he found; whatever the case, he violated Rule 11.

> Rule [11] requires counsel to read and consider before litigating. Counsel who puts the burden of study and illumination on the defendants or the court must expect to pay attorneys' fees under the Rule ... [E]very lawyer must do the necessary work to find the law *before* filing the brief. It is not acceptable to make an assertion of law and hope that it will turn out to be true.

*Id.* (citations omitted) (emphasis in original); *see also Stewart v. RCA Corp.*, 790 F.2d 624, 633 (7th Cir.1986) ("Rule 11 *requires* lawyers to think first and file later, on pain of personal liability.") (emphasis in original). Because defendants' attorney failed to make any colorable argument for an extension of the law and actually ignored the voluminous case law contrary to his position, the court finds that his motion to reconsider was without merit and frivolously made. Therefore, the court con-

cludes that defendants' counsel has violated Rule 11 and must be sanctioned accordingly. *Brown*, 830 F.2d at 1433–34.

**B.**

In determining the appropriate sanction, a district court must keep in mind the several related purposes of Rule 11 and the basic principle that "the least severe sanction that is adequate to serve the purpose should be imposed." *Brown*, 830 F.2d at 1437. Two of the most important purposes of Rule 11 are punishment and deterrence; "[s]anctions under Rule 11 have the function of deterring both the individual attorney (or party) and other members of the bar (or other potential litigants) from taking the same frivolous course of action." *Id.* at 1438 (collecting cases); *see also* A. Levin & S. Sobel, *Achieving Balance in the Developing Law of Sanctions*, 36 Cath. U.L.Rev. 587, 599 (1987) (recognizing punishment and deterrence as legitimate objectives under Rule 11); *Advisory Committee Note*, 97 F.R.D. 198, 200 (1983) ("The detection and punishment of a [Rule 11] violation ... is part of the court's responsibility for securing the [judicial] system's effective operation.")

Normally, given the presumption in favor of the least severe sanction and in recognition of the stigma and impact sanctions may have on an attorney's career and personal well-being, *Brown*, 830 F.2d at 1437 (citing W. Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look*, 104 F.R.D. 181, 201 (1984) ([hereinafter "*Schwarzer*"])), this court would be inclined to impose only a nominal monetary sanction. However, the court believes that the sanctioned conduct in this case warrants a harsher penalty.

First, although subjective state of mind is not a necessary factor to be considered in determining whether a Rule 11 violation has occurred, it has been held that the "egregiousness of the conduct involved" is a proper consideration "in determining an appropriate sanction." *George v. Bethlehem Steel Corp.*, 116 F.R.D. 628, 630–31 (N.D.Ind.1987); *see also Ordower v. Feldman*, 826 F.2d 1569, 1575–76 (7th Cir.1987) (acknowledging a trial court's broad discre-

tion in tailoring sanctions to the conduct in question); *Szabo*, 823 F.2d at 1083 ("Rule 11 has a subjective component as well"). Defense counsel's insistence on pressing his claim without addressing the jurisdictional issue, especially after plaintiff raised the question in its response brief, unnecessarily prolonged the litigation in this case and evinces bad faith. *See Ordower*, 826 F.2d at 1574–75 (discussing Rule 11 and 28 U.S.C. § 1927). Even if defendants' counsel could be excused for filing the initial motion, his decision to continue to litigate *after* plaintiff directed his attention to the groundless nature of his claim constitutes reckless disregard for the law. "[A] lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law." *Id.* at 1574 (quoting *In re TCI, Ltd.*, 769 F.2d 441, 445–46 (7th Cir. 1985)). The fact that plaintiff's cases were not the most recent does not relieve defendants' attorney of his independent obligation to conduct his own research.

Second, defense counsel's cavalier assertion that "professional courtesy" required him to give this court a chance to correct its error demonstrates that he was well aware of the jurisdictional barrier and was attempting to slide around it rather than properly addressing it. Such conduct is more than just bad practice, it smacks of lack of integrity. *Schwarzer*, 104 F.R.D. at 201.

Third, and perhaps most egregious, is the tenor of defense counsel's filings in general. Throughout both briefs the offending attorney never missed an opportunity to assert that plaintiff's attorneys "deceived" the court, that plaintiff acted "purposely and in bad faith", and that plaintiff had not been "candid" with the court. In addition, he did not hesitate to voice, with marked indignation, his displeasure with this court's decision. In his motion to reconsider, he stated: "It is absolutely inconceivable how this Court could have remanded this case and unbelievable that [he was] not given the opportunity to file a response in opposition to the motion for remand." He went on to assert that this court was ignorant of the law: "Despite Plaintiff's decep-

tion, had the Court been familiar with secondary boycotts, or at least given us the opportunity to point out what the complaint alleged, he would have readily seen the classic secondary nature of this case." Finally, his briefs are replete with inflammatory barbs directed at this court, such as: "Mere common sense dictates" and "if one understands secondary boycott law."

Regardless of how upset an attorney might be or how certain he is that a court has made a mistake, he should never resort to personal attacks against other counsel or the court. Calumnious and bombastic speech may be acceptable rhetoric at a union rally but such verbal sniping can and will not be tolerated in federal court. Substantial portions of defendants' counsel's briefs are irrelevant to the issues at hand and serve no purpose but to incite ill-will and ultimately detract from the dignity of his profession and this court. In any other case, segments of the briefs would be ordered stricken, under Fed.R.Civ. 12(f), as scandalous. *See* 2A J. Moore, J. Lucas & G. Grother, Jr., *Moore's Federal Practice* ¶ 12.21[1] at 12–173 (2d ed. 1987) (scandalous material "in general consists of any allegation which unnecessarily reflects upon the moral character of an individual, or states anything in repulsive language with detracts from the dignity of the court"). The existence of scandalous or outrageous material "is itself a strong indication that an improper purpose underlies" a filing. *Advisory Committee Note*, 97 F.R.D. at 199.

In light of this egregious conduct, the court determines that $1,000 would constitute an appropriate Rule 11 sanction. The plaintiff City requested costs and attorney's fees as a result of expenses incurred in responding to defendants' frivolous motion, but plaintiff did not submit any documentation on its exact costs. Based on the court's familiarity with the proceedings at hand, *Ordower*, 826 F.2d at 1576, the court believes that $500 will adequately recoup plaintiff's expenses. Therefore, the court ORDERS that defendants' attorney shall PAY $500 of the $1,000 Rule 11 sanction to

the City of Valparaiso, Indiana. *See Brown*, 830 F.2d at 1439.

### IV.

Finally, the court wishes to make clear its reasons for reviewing the facts of this case in such detail. First, the Seventh Circuit has stated that "judges should always seriously reflect upon the nuances of the particular case, and the implications the case has on the nature of legal representation, before imposing sanctions." *Brown*, 830 F.2d at 1440. Second, and most important, it is hoped that the offending attorney here and all other attorneys who practice before this court will take their obligations under Rule 11 seriously; the courts in this circuit already do. *Dreis & Krump Mfg. Co. v. International Ass'n of Machinists*, 802 F.2d 247, 255 (7th Cir.1986). To further the goal of general deterrence, the court intends to submit this order for publication; however, the name of the offending attorney will be removed. *Accord, Schwarzer*, 104 F.R.D. at 202.

### CONCLUSION

For the foregoing reasons, the court ORDERS that defendants' motion to reconsider is hereby DENIED and DISMISSED for lack of subject matter jurisdiction. Furthermore, the court ORDERS that defendants' attorney shall personally be FINED $1,000 as an appropriate Rule 11 sanction; defendants' attorney shall REMIT $500 to the City of Valparaiso, Indiana and the remaining $500 to the Clerk of this court within five days of this order.