SHOALS T.V. & APPLIANCE, INC., Plaintiff,

v.

AUTO OWNERS INSURANCE COMPANY, Defendant.

CV No. 92–HM–0789–NW.

United States District Court, N.D. Alabama, Northwestern Division.

May 12, 1992.

Gregory K. Burdine, Burdine, Collier & Burdine, Florence, Ala., for plaintiff.

Roderick K. Nelson, T. Samuel Duck, Lamar, Nelson & Miller, Birmingham, Ala., for defendant.

## MEMORANDUM OF DECISION

HALTOM, Senior District Judge.

On March 2, 1992 the plaintiff Shoals T.V. & Appliance, Inc. commenced the above entitled civil action in the Circuit Court of Lauderdale County, Alabama against the defendant Auto Owners Insurance Company predicated upon: [1] the September 5, 1990 issuance by the defendant insurer to the plaintiff corporation of a business interruption insurance policy insuring plaintiff's business located in Lauderdale County, Alabama; [2] an April 9, 1991 electrical storm in which the building occupied by plaintiff's business was struck by lightning causing severe damage and an interruption of plaintiff's business until on or about July 1, 1991; [3] the submission by plaintiff to the defendant insurer of plaintiff's claims under the defendant insurance company policy for the damage caused by the interruption of its business; and [4] defendant's alleged wrongful refusal to pay plaintiff's claims above identified.

Under Count 1 of plaintiff's complaint for breach of contract plaintiff demands judgment of defendant in amount of $60,-000.00 plus interest and costs. Counts 2 and 3 of plaintiff's complaint [appearing also to be breach of contract counts in slightly different form from Count 1] repeat plaintiff's Count 1 demand for $60,-000.00 damages. Count IV of plaintiff's state court complaint realleges the allegations of the preceding counts and further alleges that the defendant insurer has shown bad faith in its refusal to pay the joint claim of plaintiff. In this count plaintiff prays for an award of $250,000.00 damages for bad faith refusal to pay plaintiff's claim.

Plaintiff's state court complaint identifies the location of plaintiff's business as "122 West Tombigbee Street, Florence, AL 35630." ¶ 1 of Count 1 of plaintiff's complaint alleges that "... plaintiff is a corporation duly licensed to do business in Lauderdale County, Alabama. The complaint contains no other identification of the plaintiff corporation.

Plaintiff's state court complaint in the case caption describes the location of the

defendant Auto Owners Insurance Company as being: "P.O. Box 26228 Bluff Park Station, Birmingham, AL 35226–0228." The body of the complaint makes no identification whatever of the defendant entity sued as "Auto Owners Insurance Company."

Under date of April 2, 1992 the defendant Auto Owners Insurance Company filed its Notice of Removal of the above entitled state court action to this United States District Court, Northern Division, in the Huntsville, Alabama Office of the Clerk of this Court. The removal was predicated on diversity of citizenship and sum or value in controversy [28 U.S.C. § 1332]. ¶ 7 of the Notice of Removal alleges: "Petitioner, Auto Owners Insurance Company is a corporation organized under the laws of Michigan with its principal place of business in the State of Michigan." ¶ 12 of the Notice of Removal alleges that the amount claimed in plaintiff's complaint exceeds the sum or value of $50,000.00, exclusive of interest and cost. *The glaring omission in defendant's Notice of Removal is there is no reference whatever therein to the citizenship of the plaintiff corporation.* See 28 U.S.C. § 1332(c)(1) which in pertinent part provides:

(c) For the purposes of this section and section 1441 of this title—(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, . . .

On April 9, 1992 the above entitled civil action routinely came before this HM judge [to whom the case was assigned by random draw on day of removal] for jurisdictional review. Upon noting the failure of the removing defendant to establish diversity jurisdiction upon which the removal was premised, this Court sua sponte remanded this case to the state court from which it was removed by Order signed by this HM judge at his official duty station at Florence, Alabama on the 9th day of April, 1992 which read as follows:

### ORDER

It appearing to the Court that the above entitled civil action was removed improvidently and without jurisdiction, it is sua sponte

ORDERED, ADJUDGED and DECREED that the above entitled civil action be and the same hereby is REMANDED to the Circuit Court of Lauderdale County, Alabama, from whence it was removed.

The Clerk of the Court is DIRECTED to mail a certified copy of the within order of remand to the Clerk of the Circuit Court of Lauderdale County, Alabama. Costs are taxed against the removing defendant, Auto Owners Insurance Company.

DONE and ORDERED this 9th day of April, 1992.

/s/ E.B. Haltom, Jr.
E.B. Haltom, Jr.
Senior United States
District Judge

The United States Courthouse in Florence, Alabama has no satellite clerk's office. As a matter of course and practice, orders, memorandum of decisions, et cetera, are "pouched" at the end of each business day by United States Mail to the Huntsville, Alabama Office of the Clerk of the Court for both FILING and ENTERING although some Florence Orders and other legal documents are at times stamped FILED the day they are signed by this HM judge [or by his Courtroom Deputy] and are then pouched to Huntsville for ENTRY. While this business practice usually results in the signed Order or other document being stamped FILED and/or ENTERED in the Huntsville Office of the Clerk the following day, if a business day, the United States Postal Service is not always that efficient. Essentially the same procedure is followed in sending a pleading or other legal document from the Huntsville Office of the Clerk to Florence for the attention of this HM judge although the FILING stamp is routinely affixed to the incoming document in the Huntsville Office of the Clerk when first received in the due course of business.

With respect to the sua sponte Order of Remand in this case signed by this HM

judge in his Florence Office on April 9, 1992 and pouched [en route] to the Huntsville Office of the Clerk that same day, the record herein affirmatively shows that the legal document in question *was received* by the Huntsville, Alabama Office of the Clerk on April 10, 1992 and that it was stamped FILED and ENTERED on that April 10, 1992 date at 2:25 p.m.

▅▅ The evidentiary predicate has now been laid for consideration by this HM judge of the *Motion For Leave to Amend* filed in the Huntsville Office of the Clerk of the Court *on April 9, 1992* by the defendant Auto Owners Insurance Company which seeks leave of this Court to amend its Notice of Removal previously filed herein on April 2, 1992 which failed to identify or show the citizenship of the plaintiff corporation Shoals T.V. & Appliance, Inc. This motion for leave to amend alleges in support thereof the following grounds:

1. Petitioner filed a Notice and Petition for Removal on April 2, 1992.

2. Said Notice and Petition, through error and reasonable neglect, omitted Paragraph 8 which identifies the citizenship of the Plaintiff.

3. Petitioner respectfully requests the Court to grant leave to amend its original Notice and Petition for Removal to include the following Paragraph 8 which was previously omitted:

8. Plaintiff, Shoals T.V. & Appliance Company, Inc., is a corporation organized under the laws of Alabama with its principle (sic) place of business located at 122 W. Tombigbee Street, Florence, Lauderdale County, Alabama.

4. Petitioner respectfully requests Paragraph number 12, 13 and 14 be amended to reflect correct numbers of 9, 10, and 11, respectfully.

5. These typographical errors were made as a result of both human and mechanical errors.

A copy of the proffered *Amended Notice of Removal* was attached to defendant's motion for leave to amend which clearly would establish the requisite diversity of citizenship in this civil action if this Court granted defendant's Motion For Leave to Amend the Notice of Removal and had the power and authority to do so.

This Court here notes for the record that there is no evidence in this record showing the time of day on which this HM judge signed the April 9, 1992 Order of Remand in this case. However, the Court record in this case does show that defendant's Motion For Leave To Amend was stamped FILED in the Huntsville Office of the Clerk of the Court at 11:31 a.m. on April 9, 1992. And it is indeed more likely so than not so that the April 9, 1992 Remand Order in this case was not placed in the "pouch" at Florence leading to its delivery to the Huntsville Office of the Clerk the next day until near the close of business at Florence in the Office of this HM judge on April 9, 1992.

*One thing is indeed clear and certain and this HM judge hereby so certifies.* When he affixed his signature to the Remand Order in this case on April 9, 1992 and when it was "pouched" on that day and delivered to the United States Postal Service at Florence for delivery to the Huntsville Office of the Clerk neither he nor anyone on his office staff at Florence was aware that the defendant had on that day filed in the Huntsville Office of the Clerk of the Court its Motion For Leave To Amend the April 2, 1992 Notice of Removal in the above entitled civil action.[1] Moreover, neither this HM judge nor anyone on his Florence staff was alerted or advised or told in any way by any member of the Huntsville Office of the Clerk or by any other person on April 9, 1992 or on any date subsequent thereto that the defendant insurer had on April 9, 1992 filed in this

---

1. This HM judge did become aware on the 7th day of April, 1992 via being told by his law clerk after this judge made inquiry that his law clerk was the one who without the knowledge of the judge alerted counsel of record for the defendant by long distance telephone at some short time prior to April 9, 1992 that defendant's April 2, 1992 Notice of Removal did not establish diversity jurisdiction in this case. This fact was not communicated to this HM judge by his law clerk at any time prior to April 7, 1992. This footnote is not inserted to criticize the law clerk involved.

case its Motion For Leave To Amend the April 2, 1992 Notice of Removal in the above entitled civil action.

Upon consideration of the facts above enumerated, it is the finding and determination and holding of this Court that defendant's April 9, 1992 Motion For Leave To Amend its April 2, 1992 Notice of Removal in the above entitled civil action had no affect whatever on the right, power and authority of this United States District Court HM judge on April 9, 1992 to sua sponte and without knowledge of the defendant's April 9, 1992 Motion For Leave To Amend affix his judicial signature to an Order of Remand in this case remanding this civil action to the state court from whence it was removed because the above entitled civil action was removed improvidently and without jurisdiction. Furthermore, when this April 9, 1992 Order of Remand was received on April 10, 1992 by the Huntsville Office of the Clerk of the Court and thereupon stamped FILED and ENTERED on that April 10, 1992 date by duly authorized clerical staff of that Office of the Clerk of this Court the above entitled civil action was thereupon by operation of law remanded to the Circuit Court of Lauderdale County, Alabama from whence it was removed. *That operation of law remand was, of course, subsequently attested by the directed ministerial act of the Clerk of this Court in mailing a certified copy of the Order of Remand to the Clerk of the Circuit Court of Lauderdale County, Alabama.*

 28 U.S.C. § 1447(c) requires a district court to remand a case to state court when it determines the case was improvidently removed. Remand orders based on section 1447(c) are unreviewable on "appeal or otherwise," 28 U.S.C. § 1447(d). *This statutory language has been universally construed to preclude not only appellate review but also reconsideration by the district court. Once a district court certifies a remand order to state court it is* divested of jurisdiction and can take no further action on the case. *Seedman v. U.S. Dist. Court for Cent. D. of Cal.,* 837 F.2d 413, 414 (9th Cir.1988); *New Orleans Pub. Serv., Inc. v. Majoue,* 802 F.2d 166, 167 (5th Cir.1986); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 279 n. 3 (9th Cir.1984); *Three J Farms, Inc. v. Alton Box Board Co.,* 609 F.2d 112, 115 (4th Cir.1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980); *Federal Deposit Insurance Corp. v. Santiago Plaza,* 598 F.2d 634, 636 (1st Cir.1979); *Davis v. American General Group Ins. Co.,* 732 F.Supp. 1132, 1135 (N.D.Ala.1990); *City of Valparaiso, Ind. v. Ironworkers Local No. 395,* 118 F.R.D. 466 (N.D.Ind.1987); 14A C. Wright, A. Miller, E. Cooper, Federal Practice & Proc. § 3739, at 589 (1985) (An order of remand ends the jurisdiction of the federal court).[2] *See United States v. Rice,* 327 U.S. 742, 751–53, 66 S.Ct. 835, 838–40, 90 L.Ed. 982 (1946); and *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

For the reasons and upon the authorities above cited an Order will be entered noting that this United States District Court following its Remand Order of April 10, 1992 has no power or authority to entertain defendant's Motion For Leave To Amend its April 2, 1992 Notice of Removal in the above entitled civil action.

DONE and ORDERED.

---

**2.** A second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction. *See Federal Deposit Insurance Corp.,* 598 F.2d at 636. *A remand order returns the case to state court and the federal court has no power to* retrieve it. As the statute makes clear, if the remand order is based on section 1447(c), a district court has no power to correct or vacate it. *Id.*