**Larry D. SHARROW and Cathy Robinson, Plaintiffs,**

v.

**GENERAL MOTORS ACCEPTANCE CORP., Defendant.**

No. 96–2123.

United States District Court, C.D. Illinois.

Sept. 25, 1996.

Joseph W. Phebus, Phebus Winkelmann Wong & Bramfeld, Urbana, IL, for plaintiffs.

Michael R. Cornyn, Thomas Mamer & Haughey, Champaign, IL, Charles S. Kramer, Matthew D. O'Leary, St. Louis, MO, for defendant.

## ORDER

BAKER, District Judge.

This class action challenges certain "collateral protection insurance" practices of the defendant under several different state law theories. The case was originally filed in an Illinois court, but was removed to this court on May 13, 1996. The defendant moved to dismiss. The plaintiffs failed to respond to the motion, and the United States Magistrate Judge recommended dismissing the entire complaint with leave to re-file certain counts. The court now remands the case to state court.

If a district court lacks jurisdiction over a case removed from state court, the district court must remand the case to state court. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). *See also, Volvo of America Corp. v. Schwarzer,* 429 U.S. 1331, 97 S.Ct. 284, 50 L.Ed.2d 273 (1976) (denying application for stay) (focusing on district court's duty to remand if it lacks jurisdiction).

Federal courts are courts of limited jurisdiction. Jurisdiction is either by diversity of the citizenship of the parties or by a federal law question. The instant case triggers neither of these jurisdictional provisions. First, there is no federal issue raised in the complaint. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In the instant case the complaint includes eight counts. The eight counts plead eight state law claims: (1) breach of fiduciary duties, (2) breach of implied covenants of good faith and fair dealing, (3) fraudulent misrepresentation or omission, (4) negligent misrepresentation or omission, (5) negligence, (6) unjust enrichment, (7) violation of the Illinois Insurance Code, and (8) violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act. Since none of these claims involve federal law, there is no federal jurisdiction under 28 U.S.C. § 1331.

In it's notice of removal, the defendant argues that this court has jurisdiction because of the diversity of the citizenship of the parties. Diversity jurisdiction requires both that the parties' citizenship be diverse and that the parties satisfy the amount in controversy requirement of $50,000. 28 U.S.C. § 1332. In the instant case the parties are diverse, but the matter in controversy does not "exceed the sum or value of $50,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The defendant argues that the amount in controversy does exceed $50,000 if the calculations include punitive damages, and if the calculations aggregate all of the multiple claims of the members of the plaintiff class. However, amount in controversy calculations do not properly include aggregated claims, nor do unsupported allegations of punitive damages suffice to boost the amount above $50,000.

"Multiple persons' claims cannot be combined to reach the minimum amount in controversy." *Stromberg Metal Works v. Press Mechanical, Inc.,* 77 F.3d 928, 931 (7th Cir.1996). In a class action each individual class member must satisfy the amount in controversy requirement. *Zahn v. International Paper Co.,* 414 U.S. 291, 300, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973); *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). The Fifth Circuit has exercised supplemental jurisdiction under 28 U.S.C. § 1367 over class members who do not meet the amount in controversy level. *In re: Abbott Laboratories,* 51 F.3d 524, 527–29 (5th Cir.1995). The Seventh Circuit, in dicta, has shown a support for this procedure. *Stromberg Metal Works,* 77 F.3d at 931. However, both *Abbott Laboratories* and

*Stromberg* specify that such supplemental jurisdiction only applies when at least one of the multiple plaintiffs satisfies the amount in controversy requirement. 77 F.3d at 931; 51 F.3d at 527–529. Because none of the plaintiffs in the instant case exceeds the jurisdictional amount requirement we need not reach the *Abbott Laboratories/Stromberg Metal Works* issue of whether or not a district court may properly exercise supplemental jurisdiction under 28 U.S.C. § 1367 over members of a class who do not meet the amount in controversy requirement. *See, Anthony v. Security Pacific Financial Services, Inc.,* 75 F.3d 311, 316 n. 2 (7th Cir.1996).

The class members in the instant case are Larry Sharrow, Cathy Robinson, and all others similarly situated. These plaintiffs are all persons who contracted to purchase a vehicle or mobile home. Their contracts included provisions for the defendant to purchase insurance on their behalf if they defaulted on their insurance coverage. Such insurance is called "collateral protection insurance" or "force placed insurance." All of the plaintiffs defaulted on their insurance coverage and thereby triggered the contractual provisions for collateral protection insurance. The defendant purchased collateral protection insurance, and the plaintiffs now challenge that purchase under state law. The plaintiffs claim the collateral protection insurance purchased by the defendant was unconscionably expensive.

The complaint specifically states the "actual damages sought by Plaintiffs and each class member is less than $50,000 for each individual plaintiff and each individual class member." The complaint repeatedly asks for actual damages in excess of $15,000, but less than $50,000. Clearly, the actual damages sought by individual plaintiffs in this case do not satisfy the minimum amount in controversy requirement for federal diversity jurisdiction. Each of the plaintiffs in this case stands to recover much less than the requisite $50,000.

■ The plaintiffs also seek punitive damages. Punitive damages may be included in a court's calculation of the amount in controversy. *Bell v. Preferred Life Society,* 320

U.S. 238, 239, 64 S.Ct. 5, 6, 88 L.Ed. 15 (1943); *Sharp Electronics Corp. v. Copy Plus, Inc.,* 939 F.2d 513, 515 (7th Cir.1991). "Where punitive damages are required to satisfy the jurisdictional requirement in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Anthony v. Security Pacific Financial Services, Inc.,* 75 F.3d 311, 315 (7th Cir.1996) (citing *Cadek v. Great Lakes Dragaway, Inc.,* 58 F.3d 1209, 1211 (7th Cir.1995)).

■ Illinois law requires a very high level of culpability to support an award of punitive damages. The Illinois Supreme Court has limited punitive damage availability to "conduct involving some element of outrage similar to that usually found in crime. The conduct must be outrageous, either because the defendant's acts are done with an evil motive or because they are done with a reckless indifference to the rights of others." *Loitz v. Remington Arms,* 138 Ill.2d 404, 150 Ill.Dec. 510, 563 N.E.2d 397 (1990) (citing Restatement (Second) of Torts § 908) "In this context, willful and wanton misconduct approaches the degree of moral blame attached to intentional harm, since the defendant deliberately inflicts a highly unreasonable risk of harm upon others in conscious disregard of it." *Loitz,* 150 Ill.Dec. at 510, 563 N.E.2d at 397. Illinois has further statutorily limited punitive damages in the context of insurance cases. The Illinois Insurance Code provides a $25,000 cap on punitive damage awards. 215 ILCS 5/155.

■ In the case at bar, the class plaintiffs' vague claims do not support a finding of possible punitive damages sufficient to satisfy the amount in controversy requirement of diversity jurisdiction. All of the plaintiffs' various state law theories are based on a claim that the contractually based "collateral protection insurance" (or "forced place insurance") purchased by the defendant was in some way against the law, e.g. a breach of

contract, or a tort such as negligence, or a violation of an Illinois statute. There is no Illinois case law supporting a cause of action based on collateral protection insurance practices such as those alleged by the plaintiffs. Other states have addressed related, but not identical issues, with mixed results. *See e.g., Logsdon v. Fifth Third Bank of Toledo,* 100 Ohio App.3d 333, 654 N.E.2d 115 (1994) *appeal denied* 72 Ohio St.3d 1552, 650 N.E.2d 1371 (1995) (finding neither fiduciary relationship nor duty of good faith in class action collateral protection insurance case); *Surrett v. TIG Premier Ins. Co.,* 869 F.Supp. 919 (M.D.Ala.1994) (finding no duty to disclose in collateral protection insurance case); *Kenty v. Transamerica Premium Ins. Co.,* 72 Ohio St.3d 415, 650 N.E.2d 863 (1995) (recognizing collateral protection insurance claims under tortious interference with contract and civil conspiracy).[1]

■ The court, in its review of the relevant case law does not see support for large punitive damage awards to individual plaintiffs. The court is not deciding whether the instant plaintiffs can recover punitive damages under their multiple state law theories. Instead the court is making the limited inquiry of whether it is likely that any single plaintiff could recover combined compensatory and punitive damages sufficient to meet the amount in controversy requirement of federal diversity jurisdiction. The court now finds that no single plaintiff has alleged a claim for combined compensatory and punitive damages in the amount of more than $50,000., therefore this court lacks jurisdiction and must remand the case to the Illinois courts.

IT IS THEREFORE ORDERED THAT the case is remanded to state court on the basis of lack of jurisdiction.

1. There is some case law on the separate issue of the status of collateral protection insurance plaintiffs under federal statutes. *See e.g., Richmond v. Nationwide Cassel L.P.,* 52 F.3d 640 (7th Cir.1995) (collateral protection insurance plaintiff failed to allege RICO violation); *Moore v. Fidelity Financial Services, Inc.,* 884 F.Supp. 288 (N.D.Ill.1995) (ordering further briefing on the issue of whether a collateral insurance plaintiff

The clerk is directed to remand the case to the Champaign County Circuit Court.

can sufficiently allege a RICO violation); *Travis v. Boulevard Bank N.A.,* 880 F.Supp. 1226 (N.D.Ill.1995) (collateral protection insurance plaintiffs failed to allege RICO violation, but possibly had alleged TILA violation); *Bermudez v. First of America Bank Champion,* 860 F.Supp. 580 (N.D.Ill.1994) (collateral protection insurance plaintiffs alleged possible RICO violation).