NEW ORLEANS PUBLIC SERVICE, INC., Plaintiff-Appellant,

v.

Warren C. MAJOUE, Defendant-Appellee.

No. 85-3580.

United States Court of Appeals, Fifth Circuit.

Oct. 14, 1986.

G. Phillip Shuler, Donna J. Dew, New Orleans, La., for plaintiff-appellant.

James E. Stovell, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, and GOLDBERG and GARWOOD, Circuit Judges.

PER CURIAM:

In 1982, Warren Majoue filed an action in Louisiana state court alleging that he was wrongfully discharged by his employer, New Orleans Public Service, Inc. (NOPSI). NOPSI unsuccessfully attempted to re-

move the action to federal district court. NOPSI now brings an action in federal court, seeking a declaration that Majoue's state claims are artfully pled claims under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*, and an injunction of the state court proceeding. The district court, in an unpublished opinion, dismissed NOPSI's claim, holding that Majoue's wrongful discharge claim was only peripherally and remotely related to ERISA and thus not preempted.[1] NOPSI appeals from the district court's judgment.

■ We find it unnecessary to decide whether Majoue's claims are pre-empted by ERISA. Rather, we hold that NOPSI's suit seeking declaratory and injunctive relief is an attempt to seek collateral review of the district court's original order remanding the case to the state court. We thus vacate the judgment of the court below and remand for an order dismissing the case for want of subject matter jurisdiction.

■ It is beyond cavil, and NOPSI concedes, that a district court's order remanding a cause to state court may not be appealed, if erroneous. 28 U.S.C. § 1447(d).[2] *See, e.g., Gravitt v. Southwestern Bell Telephone Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam); *Volvo Corp. of America v. Schwarzer,* 429 U.S. 1331, 97 S.Ct. 284, 285 & n. 3, 50 L.Ed.2d 273 (1976); *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 452 (1976); *United States v. Rice,* 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946); *Smith v. Winter,* 717 F.2d 191, 192–93 (5th Cir.1983); *Royal v. State Farm Fire and Casualty Co.,* 685 F.2d 124 (5th Cir.1982) (per curiam).

■ Not only may the order not be appealed, but the district court itself is divested of jurisdiction to reconsider the matter. Thus, even if it later decides the order was erroneous, a remand order cannot be vacated even by the district court. *See, e.g., Browning v. Navarro,* 743 F.2d 1069, 1078 (5th Cir.1984); *Pelleport Investors, Inc. v. Budco Quality Theatres,* 741 F.2d 273, 279 n. 3 (9th Cir.1984); *Three J Farms, Inc. v. Alton Box Board Co.,* 609 F.2d 112, 115 (4th Cir.1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980).

■ The only vehicle for relief from a remand order is the writ of mandamus. A writ of mandamus lies only if the district court "has affirmatively stated and relied upon a non–1447(c) ground for remand."[3] *Royal,* 685 F.2d at 126; *see also Gravitt,* 97 S.Ct. at 1439; *In re Weaver,* 610 F.2d 335, 337 (5th Cir.1980); *In re Merrimack Mutual Fire Ins. Co.,* 587 F.2d 642 (5th Cir.1978).

NOPSI removed Majoue's claim from the state court. The district court in that case by minute order granted Majoue's petition and remanded the cause to the state court. NOPSI then sought writs of mandamus and certiorari before this court, which we summarily denied, and filed a petition for certiorari, which the Supreme Court likewise denied.

Throughout the jurisdictional controversy NOPSI argued that Majoue's claims "arise under" federal law within the meaning of 28 U.S.C. § 1331, since they are "on their face" ERISA claims within § 1140; thus, Majoue's state claims are allegedly pre-empted pursuant to § 1144(a). In the case *sub judice,* NOPSI advances identical arguments. NOPSI again asserts that Majoue's state claims are artfully pled ERISA claims, and that they must be pre-empted. The same arguments NOPSI advances here were fully before the court on the petition for removal and subsequent petition for

---

**1.** *See Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983).

**2.** Section 1447(d) provides:
  An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court

from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

**3.** 28 U.S.C. § 1447(c) provides in pertinent part that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case."

remand.[4] The conclusion is thus inescapable that NOPSI's suit seeking declaratory and injunctive relief is nothing more than an artful, if not subtle, attempt to circumvent the plain language and meaning of 28 U.S.C. § 1447(d), which provides that a remand order "is not reviewable on appeal or *otherwise.*"[5]

"It is clear that [NOPSI can] not attack that order collaterally by alleging an independent action involving the same parties and claims that were present in the initial action." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 637 F.2d 391, 396 (5th Cir.1981) (citations and footnotes omitted); *see also Browning,* 743 F.2d at 1078 ("federal courts of appeals are precluded from reviewing in an ancillary proceeding the remand orders of a district court."). Nor can "this policy ... be avoided by invoking the provision of the declaratory judgment act in a case which has been remanded to a state court." *Chandler v. O'Bryan,* 445 F.2d 1045, 1057 (10th Cir. 1971), *cert. denied,* 405 U.S. 964, 92 S.Ct. 1176, 31 L.Ed.2d 241 (1972) (citation omitted).

The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum. It was not intended by the act to enable a party to obtain a change of tribunal and thus accomplish in a particular case what could not be accomplished under the removal act, and such would be the result in the instant case.

*H.J. Heinz Co. v. Owens,* 189 F.2d 505, 508 (9th Cir.1951), *cert. denied,* 324 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677 (1952), (*quoting American Automobile Ins. Co. v. Freundt,* 103 F.2d 613, 617 (7th Cir.1939) ).[6]

Any other result would elevate form over substance. Section 1447(d) is not merely a formal rule, but was enacted by Congress to avoid "interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed" *United States v. Rice,* 66 S.Ct. at 839.

In sum, the District Court's order remanding Majoue's original action to the state court is *res judicata* as to the *forum.* The issue of whether Majoue's wrongful discharge claim is pre-empted by ERISA should now be determined together with the merits, in the first instance, by the Louisiana courts.

We thus VACATE and REMAND for an order dismissing NOPSI's claims for want of subject matter jurisdiction.

---

**4.** The case thus is distinguishable from *Rath Packing Co. v. Becker,* 530 F.2d 1295, 1303 & n. 11 (9th Cir.), *aff'd sub nom., Jones v. Rath Packing Co.,* 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1975).

**5.** *See United States v. James,* —— U.S. ——, 106 S.Ct. 3116, 3121, 92 L.Ed.2d 483 (1986) ("legislative purpose is expressed by the ordinary meaning of the words used."), (*quoting American Tobacco Co. v. Patterson,* 456 U.S. 63, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982)).

**6.** The fact that Congress assigned exclusive jurisdiction to the federal courts over ERISA actions which seek injunctions and other equitable relief pursuant to 29 U.S.C. § 1132(e)(1) does not serve to defeat the plain meaning and policy underlying § 1447(d). Congress also provided that "[n]othing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States." 29 U.S.C. § 1144(d).