**BILL KETTLEWELL, INC., a Michigan corporation, d/b/a Fort Gratiot Sanitary Landfill, Plaintiff,**

v.

**MICHIGAN DEPARTMENT OF NATURAL RESOURCES, David Hales, Director of Michigan Department of Natural Resources, St. Clair County Health Department, and John B. Parsons, Director of St. Clair County Health, Defendants.**

Civ. A. No. 89–30015.

United States District Court,
E.D. Michigan, S.D.

June 7, 1989.

Daniel P. Perk, Robert A. Fineman, Honigman, Miller, Detroit, Mich. and David R. Heyboer, Luce, Henderson, Port Huron, Mich., for Bill Kettlewell Excavating, Inc., a Michigan Corp., plaintiff.

Frank J. Kelley, Atty. Gen., Thomas J. Emery, and Leo H. Friedman, Asst. Attys. Gen., Natural Resources Div., Lansing, Mich., for Michigan Dept. of Natural Resources and David Hales, Director of Michigan Dept. of Natural Resources, defendants.

Robert H. Cleland, St. Clair County Corp. Counsel, Port Huron, Mich., and Lawrence R. Terman, Beier Howlett Ternan Jones Shea & Hafeli, Bloomfield Hills, Mich., for St. Clair County Health Dept., defendant and counter-plaintiff, John B. Parsons, Director of St. Clair County Health, St. Clair County Metropolitan Planning Com'n, Gordon Ruttan, Director, St. Clair County Metropolitan Planning Com'n, St. Clair County Solid Waste Planning Committee, and Peg Clute, Chairperson, St. Clair County Solid Waste Planning Committee, defendants.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

This matter is before the Court on the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The plaintiff filed suit in this Court seeking

---

1. This motion is more properly characterized as arising under Federal Rule of Civil Procedure 12(b)(1), requesting dismissal for lack of subject matter jurisdiction.

injunctive and declaratory relief, alleging that certain amendments to the Michigan Solid Waste Management Act (MSWMA), Michigan Comp.Laws Ann. § 299.401 *et seq.*, violate the Commerce Clause of the United States Constitution. The defendants urge dismissal on four grounds: (1) the plaintiff's complaint is effectively a collateral attack upon this Court's remand order of October 3, 1988; (2) the claims in plaintiff's complaint are merely a defense to the defendants' state court counterclaim; (3) declaratory judgment cannot settle the controversy between the parties; and (4) no actual controversy remains between the parties. The plaintiff refutes the defendants' first two grounds on factual bases, noting that the state court action relevant to this Court's remand order, as well as the defendants' counterclaim, is no longer pending. Respecting the remaining grounds for dismissal, the plaintiff argues that the facts alleged sufficiently establish a controversy for purposes of declaratory judgment jurisdiction, and that such controversy may be resolved through a granting of declaratory relief. For the reasons that follow, the Court concurs with the plaintiff and denies the defendants' motions to dismiss.

## I.

The facts preceding this litigation are significant. On August 24, 1988, the current plaintiff filed a complaint in the St. Clair County Circuit Court seeking to enjoin the defendants from issuing and enforcing a cease and desist order concerning the operation of the plaintiff's landfill. The defendants thereafter filed an answer, counterclaim, and request for preliminary injunction to foreclose the plaintiff from importing garbage from New York to the landfill. Additionally, the defendants sought enforcement of their cease and desist order on the grounds that the plaintiff, as a transferee-owner, was not properly licensed under Michigan law to operate the landfill. The licensing issue is currently on review in the Michigan Court of Appeals.

On the basis of the defendants' counterclaim, and particularly the request to enjoin the importation of garbage, the plaintiff

attempted removal of the case to this Court. In an opinion dated October 3, 1988, this Court remanded the action on two grounds: first, the plaintiff's defense to the defendants' counterclaim failed to raise a federal question over which this Court has jurisdiction; and second, the removal statute does not contemplate removal by defendants to counterclaims. The focus of the plaintiff's challenge to the defendants' counterclaim involved the interpretation of various provision of the MSWMA, and specifically whether those provisions implicitly prohibited the importation of New York refuse to the plaintiff's landfill, violative of the Commerce Clause of the United States Constitution.

December 27, 1988, amendments to the MSWMA precluded the importation issue from being resolved on the merits in the state court. The amendments expressly prohibited landfill operators from accepting for disposal solid waste generated outside the operator's county, unless the county's approved waste management plan provided for such importation. Mich.Comp.Laws Ann. §§ 299.413a; 299.430(2). Thus, the state court dismissed with prejudice the importation aspects of the counterclaim, finding that the "Plaintiff and Counter–Defendants [sic] have reiterated on the record that [the MSWMA amendments] effectively prohibit out-of-state waste from being transported and deposited in the Plaintiff and Counter–Defendant's landfill...." St. Clair Co. Circuit Court, No. 88–001878CZ.

The plaintiff brings the instant action seeking a declaration that the MSWMA amendments are unconstitutional both on their face and as applied to the plaintiff. Essentially, the plaintiff contends that the amendments "impose[ ] an absolute ban on the disposal of out-of-state waste without county approval," thereby discriminating against interstate commerce in violation of the Commerce Clause. Additionally, plaintiff avers that the defendants' denial of plaintiff's February, 1989, application for disposal of out-of-state waste, consistent with "defendants' stated policy to prohibit disposal of all out-of-county waste," imposed an impermissible burden on inter-

state commerce. Concurrent with declaratory relief, the plaintiff also requests an injunction prohibiting the enforcement of the MSWMA amendments. The central issue presently posed to the Court is whether exercise of declaratory judgment jurisdiction is warranted. That is, does the plaintiff present an issue that has either been resolved or is the subject of a threatened or pending state court action, and if not, whether declaratory relief is proper under the circumstances. The Court addresses each question in turn.

## II.

■ In urging dismissal of the plaintiff's complaint, the defendants contend that in bringing this action, the plaintiff is in actuality collaterally attacking this Court's remand order of October 3, 1988. In support of this argument, defendants cite 28 U.S.C. § 1447(d), which directs that remand orders are not reviewable, *see Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). More precisely, however, remand orders premised solely upon the improvidence and lack of jurisdiction surrounding the removal are not subject to appellate review. *Id.* at 343, 96 S.Ct. at 589. This Court's order of October 3, 1988, found that plaintiff's removal was defective due to both a lack of federal question jurisdiction as well as the fact that the plaintiff removed its own case. Thus, on the surface, it appears that the issues remanded in that case cannot be reopened through a complaint for declaratory judgment.

Both parties cite to *New Orleans Public Service, Inc. v. Majoue*, 802 F.2d 166 (5th Cir.1986), as authority for their respective positions. In *Majoue*, the defendant removed the plaintiff's wrongful discharge claim by asserting that the plaintiff's action necessarily involved application of fed-

eral pension law. The court disagreed and remanded the action, whereafter the defendant sought, through an original action, declaratory relief in the federal court. The *Majoue* court upheld the district court's dismissal of the defendant's complaint, finding that "the District Court's order remanding [the plaintiff's] original action to the state court is *res judicata* as to the *forum*." 802 F.2d at 168 (citations omitted) (emphasis in original). The Court's review of the plaintiff's current complaint, along with the facts surrounding the plaintiff's previous action, results in the conclusion that the instant action is not an attempted collateral attack on the Court's remand order. As the plaintiff correctly notes, in *Majoue* the defendant sought to relitigate an identical issue to that resolved by the remand order; that is, the pre-emptive effect of federal law. In the case at hand, the plaintiff is seeking a declaratory judgment regarding the constitutionality of MSWMA amendments that did not exist at the time of this Court's remand order, and in fact which led to the termination of the state court action. The defendants' assertion that "the same issue, whether the state statute unconstitutionally affects interstate commerce, was raised in both the petition for removal and the present complaint," is erroneous. The issue in plaintiff's original suit was whether the statute, as then written, allowed the defendants to prohibit the importation of out-of-state waste, allegedly in violation of the Commerce Clause. In the instant litigation, it is undisputed that the MSWMA, as amended, allows such a prohibition. Thus, no issue of statutory interpretation remains, and therefore the plaintiff cannot be precluded from bringing this action on the basis that to so allow would be equivalent to providing review of this Court's previous remand order.[2]

---

**2.** Some discussion of *Rath Packing Co. v. Becker,* 530 F.2d 1295 (9th Cir.1975), *aff'd sub nom.* 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 *cert. denied* 430 U.S. 954, 97 S.Ct. 1597, 51 L.Ed.2d 803, *reh'g denied* 431 U.S. 925, 97 S.Ct. 2201, 53 L.Ed.2d 240, cited in the plaintiff's brief, is warranted. In *Rath,* the plaintiffs brought actions under state statutes seeking civil penalties against the defendant. The defendant removed

the actions to federal court, which thereafter remanded the actions on a finding that the complaints contained no federal question. Subsequently, the defendant filed two actions for declaratory relief in federal court, asserting the unconstitutionality of the state statutes. Finally, the defendant answered and counterclaimed in the remanded actions, again asserting the unconstitutionality of the statutes.

### III.

Having determined that the plaintiff's complaint is not merely a request for review of a remand order, the Court must now evaluate whether the requisite circumstances exist in order to invoke declaratory judgment jurisdiction. The defendants' argue three grounds for denying jurisdiction: first, that the complaint requests relief that is actually a defense to a state court proceeding; second, that no actual controversy exists between the parties; and third, that the relief sought would not settle the alleged controversy between the parties.

■ The Court, finding the first two grounds interrelated, if not inseparable, will treat them together. Additionally, the Court reiterates that no state action is currently pending concerning the issues raised in the plaintiff's complaint. The Declaratory Judgment Act (Act) of 1934, codified at 28 U.S.C. § 2201, provides that federal courts "may declare the rights and other legal relations of any interested party seeking such declaration," given that "a case of actual controversy within [their] jurisdiction" exists. Thus, the Act is not an independent source of federal jurisdiction, and is instead procedural only. *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). As the Court reads the defendants' motions and briefs, the focus of their challenge involves an alleged absence of the requisite controversy, given that the actions underlying plaintiff's complaint arose under enactment and application of state, not federal, law. The Court therefore believes that the central, although not simple, issue is whether the complaint contains allegations sufficient to establish a "controversy" within the meaning of the statute. This determination requires analysis of the specific factual posture of this case against a background of equivocal precedent.

On a challenge to district court's jurisdiction over the declaratory judgment actions, the court of appeals found that "[s]ince the district court did not make any decision with respect to the propriety of a federal forum for [the defendant's] claims, we cannot say that the maintenance of [defendant's] claim in federal court works a circumvention of 28 U.S.C. § 1447(d)." 530 F.2d at 1303. The current case does not fall

■ The plaintiff challenges the MSWMA amendments both on their face and as applied. Concurrent with their passage, the plaintiff recognized that the importation of out-of-state waste, without explicit approval from the county, was prohibited. This recognition coincided with the dismissal of the state court case. Thereafter, the plaintiff tested the new amendments by filing for a permit to import waste to the county; the application was denied. Thus, if nothing else, the Court believes that the plaintiff has demonstrated that the challenged amendments have actually been enforced against the plaintiff.

Both parties acknowledge the pertinence to this matter of *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952). There, in an oft-quoted passage, the Supreme Court asserted that:

Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. This is dubious even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action. Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law de-

squarely within *Rath's* rule. This Court, in the opinion of October 3, 1988, expressly ruled on the "propriety of a federal forum" for the plaintiff's defense to the defendant's counterclaims. Thus, were this present action not based on the amended MSWMA, the Court believes that jurisdiction for declaratory judgment purposes would not lie.

fense before the state court begins the case under state law.

344 U.S. at 248, 73 S.Ct. at 242 (citations omitted). The defendants interpret this language as creating a blanket prohibition against declaratory judgment jurisdiction whenever an impending state action involves application of state law. Thus, defendants urge, since the plaintiff's challenge in the case at hand concerns the content and application of state law, no adequate federal controversy exists, and this Court lacks the jurisdiction to grant declaratory relief. While this position might find support in an action wherein state action is threatened or impending, the plaintiff herein asserts that the challenged actions, the enacting of the MSWMA amendments and their subsequent application, have already occurred. A review of recent authority interpreting *Wycoff* reveals a consistent application of its rule in circumstances wherein the declaratory judgment plaintiff anticipates some action by the declaratory judgment defendant, or where an action is already brought in state court against the declaratory judgment plaintiff. *See, e.g., Colonial Penn Group, Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 233 (1st Cir.1987); *Northeast Federal Credit Union v. Neves*, 837 F.2d 531, 535 (1st Cir.1988); *Michigan Savings & Loan League v. Francis*, 683 F.2d 957 (6th Cir. 1982); *Federal Express Corp. v. Tennessee Public Service Commission*, 693 F.Supp. 598 (M.D.Tenn.1988). Yet in the case at hand the plaintiff has demonstrated that the enforcement of the MSWMA amendments is neither threatened nor pending, but instead has already occurred. In sum, as the Court finds that plaintiff's complaint for declaratory relief does not simply raise a defense to a state court action, either pending or threatened, *Wycoff* does not preclude an exercise of jurisdiction.

A finding that a substantive basis for federal jurisdiction exists does not end the Court's inquiry. The complaint must additionally indicate that the controversy is "ripe" for adjudication. That is, notwithstanding the enactment and application of the MSWMA amendments, the Court must ascertain whether the complaint suggests that the plaintiff, but for the application of the amendments, would engage in the proscribed activity. *See Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). A review of the pleadings, motions, and briefs filed in this suit, along with the plaintiff's application to import waste, reveal a sufficient basis for concluding this controversy is ripe for resolution. As the Supreme Court made clear in *Steffel*, "it is not necessary that [a declaratory judgment plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights." 415 U.S. at 459, 94 S.Ct. at 1215 (citation omitted). This proposition carries equal force in civil actions. *Alsager v. District Court of Polk County, Iowa*, 518 F.2d 1160 (8th Cir.1975). This action is therefore ripe for resolution.[3]

## IV.

■ The final issue concerns whether declaratory judgment will settle the controversy between the parties. The Court has previously determined the nature of the controversy, involving the application of the MSWMA amendments in denying the plaintiff's request to import waste, and the plaintiff's continued desire to so import. The defendants argue that declaratory relief is improper, since such relief "will not settle this litigation between the parties, since issues are presently pending in the

---

**3.** Two further points are relevant here. First, the Court rejects the defendant's estoppel argument, whereby they attempt to impose an estoppel upon the plaintiff based upon the plaintiff's admission that its earlier claim became moot upon the passage of the MSWMA amendments. Again, the current dispute involves legislation not existing during the pendency of the earlier case, and therefore the plaintiff's admission has

no bearing on the issues surrounding this legislation.

Second, this Court believes that equity favors an exercise of jurisdiction over this complaint, given that the State court upon dismissing the earlier case with prejudice, noted that the plaintiff would likely challenge the MSWMA amendments in federal court. This observation quells any concerns regarding federal/state relations.

**1018**

state courts." Brief at 12, applying *Grand Trunk Railroad Co. v. Consolidated Rail Corp.,* 746 F.2d 323 (6th Cir.1984). Unquestionably, *Grand Trunk* indicates that an element in determining the appropriateness of declaratory relief is "whether the declaratory action would settle the controversy...." *Id.* at 326 (citation omitted). Yet, the defendants' assertion that presently pending state court litigation prevents the plaintiff from gaining relief through a declaratory judgment is erroneous. No such litigation is pending. Moreover, should this Court determine the challenged amendments are unconstitutional, even without an injunction the plaintiff would feel secure in reapplying to import the contested waste. Thus, the controversy would in fact be settled. The Court therefore finds declaratory relief appropriate in these circumstances.

## V.

Based upon the preceding, the Court DENIES the defendants' motions to dismiss.

IT IS SO ORDERED.