**Constance CHAGHERVAND, Plaintiff,**

**v.**

**CAREFIRST, et al., Defendants.**

**HEALTHCARE CORPORATION OF the MID-ATLANTIC, INC. t/a CareFirst, Plaintiff,**

**v.**

**Harry CHASE, et al., Defendants.**

**Civ. A. Nos. MJG-93-1097, MJG-93-3943.**

United States District Court,
D. Maryland,
Northern Division.

Aug. 21, 1995.

A. Gwynn Bowie, Jr., Douglas K. Schrader, Wharton, Levin, Ehrmantraut, Klein & Nash, P.A., Annapolis, MD, for Defendant Elias Gouel, M.D.

Alfred L. Scanlan, Scanlan & Rosen, Baltimore, MD, for Defendant Atlantic Phys. Assoc., P.A. & Defendant David Boersma, M.D.

Daniel E. Schultz, Washington, DC, Steven M. Wishnow, David M. Kanter, Kanter & Wishnow, Chartered, Washington, DC, for Patricia and Nelson Whitcomb.

Barbara McC. Stanley, E. Dale Adkins, Anderson, Coe & King, Baltimore, MD, for Defendant Potomac Physicians, P.A.

Kurt D. Karsten, Cowdrey, Thompson & Karsten, P.A., Annapolis, MD, for Anne Arundel Diagnostics, Inc.; AA Health Care Services, Inc.

Mark D. Gately, Susan C. Durbin, Miles & Stockbridge, Baltimore, MD, for Defendant Kerry R. Thompson, M.D.

David E. Manoogian, Epstein, Becker & Green, P.C., Washington, DC, for Plaintiff CareFirst.

Carmen M. Shepard, Assistant Attorney General, Baltimore, MD, and Elizabeth M. Kameen, Assistant Attorney General, Department of Health & Mental Hygiene, Baltimore, MD, for Defendants Harry Chase, Benjamin M. Adler, Karl Wehr.

Louis G. Close, III, Philip C. Federico, Shochor, Federico & Staton, Baltimore, MD, for Defendant Carolyn Page.

William B. Whiteford, Whiteford, Taylor & Preston, Towson, MD, for Defendants Kerry R. Heemann, M.D.; Osler Dr. Emer. Phys.

Lynne B. Malone, E. Dale Adkins, Anderson, Coe & King, Baltimore, MD, for Defendant Kwasi Poku, M.D.

John R. Penhallegon, Smith, Somerville & Case, Baltimore, MD, for Defendant St. Jos. Hosp., Inc.

Thomas C. Cardaro, Philip D. Ziperman, Klores & Cardaro, P.C., Washington, DC, for Defendant Constance Chaghervand.

Michael J. Baxter, Jessica S. Schaffer, Smith, Somerville & Case, Baltimore, MD, for Defendant John Posey, M.D.

GARBIS, District Judge.

The Court has before it two related cases: *Chaghervand v. CareFirst, et al.*, MJG–93–1097, and *CareFirst v. Harry Chase, et al.*, MJG–93–3943. In *Chaghervand*, the following motions are pending:

1. Plaintiff's Motion to Remand

2. Plaintiff's Motion for Leave to file Amended Complaint

3. Plaintiff's Motion for Leave to File Second Amended Complaint.

In *Chase*, the following motions are pending:

1. Defendant Page's Motion to Dismiss or For Summary Judgment

2. Defendant Chaghervand's Motion to Dismiss Amended Complaint for Declaratory Judgment

3. Plaintiff's Motion for Leave to Amend Complaint for Declaratory Judgment and Motion to File Second Amended Complaint for Declaratory Judgment

4. Defendant Page's Motion to Dismiss Second Amended Complaint for Declaratory Judgment

5. Plaintiff's Motion for Judgment on the Pleadings

6. Motion to Dismiss of Defendant Chase

7. Defendant Anne Arundel Diagnostics, Inc.'s Motion To Dismiss Or Alternatively For Summary Judgment

8. Defendants Nelson And Patricia Whitcomb's Motion To Dismiss Or Alternatively For Summary Judgment.

The Court has considered the legal memoranda submitted by the parties and finds a hearing unnecessary to resolve the motions.

For the reasons that follow, the Court grants Plaintiff's Motion to Remand in *Chaghervand v. CareFirst, et al.,* and grants Page, Chaghervand, and Chase's Motions to Dismiss in *CareFirst v. Harry Chase, et al.*. The remaining motions are denied as moot.

## I. *PROCEDURAL BACKGROUND*

Mid–Atlantic Health Care Systems, Inc. (t/a CareFirst) and Healthcare Corporation of the Mid–Atlantic, Inc. (t/a CareFirst) (collectively referred to as "CareFirst") operate as a health maintenance organization (an "HMO"). As an HMO, CareFirst contracts with employers and employee organizations to provide health services to individuals pursuant to employee benefit plans. CareFirst also contracts with individual physicians and facilities to provide those health care services to its members.

Constance Chaghervand ("Chaghervand") was a member of CareFirst through an employee welfare benefit plan provided through her employer. On February 3, 1993, Chaghervand filed an action before the Maryland Health Claims Arbitration Office ("HCAO")[1] against CareFirst, David Boersma, M.D., and John Posey, M.D., alleging that CareFirst and the individually named physicians negligently failed to timely diagnose and treat her back condition, thereby causing her to sustain permanent neurological damage. Chaghervand alleged that CareFirst was both directly liable for its own negligence, and vicariously liable for the negligence of the individually named physicians.

CareFirst removed Chaghervand's case on the ground that the federal district court had exclusive subject matter jurisdiction over the proceeding because Chaghervand's claims against CareFirst were preempted by The Employee Retirement and Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Chaghervand has filed a Motion to Remand the proceeding back to the HCAO, asserting that the HCAO has exclusive jurisdiction over a state law claim for medical negligence.[2]

In two cases other than Chaghervand's, the plaintiffs had similarly alleged that CareFirst was vicariously liable for damages suffered as a result of its participating health care providers' negligence. *See Carolyn Page, et al. v. Kerry R. Heemans,* Civil No. L–93–372; *Patricia Ann Whitcomb, et al. v. Potomac Physicians, P.A., et al.* Civil No. JFM–93–1098. CareFirst attempted to remove these cases to federal court on the ground that the plaintiffs' claims were preempted by ERISA. Both cases were subsequently remanded to the HCAO by Judges Legg and Motz of this Court.

In *Page,* Judge Legg ruled that CareFirst was not an employee welfare benefit plan under ERISA, and that even if it was, the state tort claims brought against it did not "relate to" an ERISA plan and thus were not preempted. *See* L–93–372 September 30, 1993 Unpublished Opinion, 1993 WL 818743. In *Whitcomb,* Judge Motz held that removal was procedurally improper because all of the named defendants had not consented to removal and, based on this holding, found it unnecessary to resolve the preemption issues. *See Whitcomb v. Potomac Physicians, P.A.,* 832 F.Supp. 1011 (D.Md.1993).

On December 31, 1993, CareFirst filed a Complaint for Declaratory Judgment as to whether a claim of medical malpractice against an HMO arises under and is preempted by ERISA. *See CareFirst v. Harry Chase, et al.,* MJG–03–3942. In the Complaint, CareFirst alleged (1) that Page,

---

1. In Maryland, generally, medical malpractice actions must commence with arbitration before the HCAO. Md.Cts. & Jud.Proc.Code Ann. § 3–2A–02(a) (1995).

2. Chaghervand has also filed two Motions to Amend her Complaint. *See* Chaghervand Motion

for Leave to file Amended Complaint (filed June 4, 1993) and Chaghervand's Motion for Leave to file Second Amended Complaint (filed December 30, 1994).

Whitcomb, and Chaghervand were each provided medical benefits by CareFirst pursuant to a qualified employee welfare benefit program established or maintained by their respective employers as defined by 29 U.S.C. § 1002(1); (2) that the employee welfare benefit plans through which CareFirst provided medical benefits to Page, Whitcomb, and Chaghervand were governed by ERISA; and (3) that the statutory provisions of ERISA superseded and federally preempted the state medical malpractice claims asserted by Page, Whitcomb, and Chaghervand. CareFirst further moved to stay the *Chaghervand* case pending the resolution of its Declaratory Judgment action. On January 26, 1994, CareFirst's Motion to Stay was granted.

As "parties in interest," Page, Chaghervand, and Harry Chase, Executive Director of the Maryland Health Claims Arbitration Office, have each filed a motion to dismiss CareFirst's declaratory judgment action.

## II. *DISCUSSION*

### A. Motion to Remand *Chaghervand v. CareFirst, et al*

Removal of *Chaghervand* to this Court was both procedurally and substantively improper. Therefore, Chaghervand's Motion to Remand must be granted.[3]

#### 1. Joinder

█ Removal was procedurally improper because CareFirst failed to join all co-defendants in its petition for removal. Pursuant to 28 U.S.C. § 1441(a),

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Courts consistently have held that this provision requires *all defendants*, including those without the right to remove the case, to join the petition for removal. *See Chicago, R.I. & P. Ry. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir.1992); *Jackson v. Roseman*, 878 F.Supp. 820, 826–27 (D.Md. 1995); *Whitcomb v. Potomac Physicians, P.A.*, 832 F.Supp. 1011, 1013 (D.Md.1993). *See also* 1A Moore's Federal Practice ¶ 0.168[3.–2] p. 447 (2nd Ed.1974). This unanimity is required whether removal is based on diversity or the existence of a federal question. *Bradford v. Harding*, 284 F.2d 307, 309 (2nd Cir.1960).

CareFirst argues (1) that consent to removal is required only from defendants who have an independent right to remove; and (2) that unanimous consent is not needed because CareFirst may remove under 28 U.S.C. 1441(c) regarding "separate and independent claims."

As for the first argument, while certain lower courts have "refined" the unanimity of consent rule to require the consent of only those parties who would independently have the right to remove, *see, e.g., Hill v. City of Boston*, 706 F.Supp. 966, 968 (D.Mass.1989), the majority of courts, including this Court, have rejected that "refinement." *See, e.g., Doe*, 969 F.2d at 168; *Whitcomb*, 832 F.Supp. at 1013. By upholding the unanimity rule, courts can prevent one defendant from "impos[ing] his [or her] choice of forum upon

---

3. Chaghervand has raised several grounds why her case should be remanded to the HCAO. Chaghervand argues (1) that CareFirst is collaterally estopped from relitigating the ERISA/preemption issue because it had a full and fair opportunity to litigate the issue in an earlier proceeding (i.e., *Page* and *Whitcomb*); (2) that removal was improper because CareFirst failed to join all co-defendants; (3) that the Maryland Health Claims Arbitration Office is not a "state court" for purposes of removal; (4) that under the "well pleaded complaint rule," this Court lacks jurisdiction to decide the instant controversy because the Complaint does not raise issues of federal law; and (5) that CareFirst is not an

"employee welfare benefit plan" under ERISA; and (6) that ERISA does not preempt state law claims for medical malpractice that have been brought against CareFirst under the theory of *respondeat superior*, or vicarious liability. (Chaghervand has asserted that to the extent that the Court were to hold that claims alleging *direct liability* were preempted, Chaghervand would be willing to drop those claims, leaving only claims for vicarious liability. *See* Constance Chaghervand's Mem. of Law at 2 n. 2).

Because the Court agrees that removal was improper based on two of these grounds, joinder and preemption, the Court need not address the remaining issues.

other unwilling defendants and an unwilling plaintiff." *Doe,* 969 F.2d at 168 (quoting *Hess v. Great Atl. & Pac. Tea Co.,* 520 F.Supp. 373, 375 (N.D.Ill.1981)).

■ As for the second argument, the Court rejects the characterization of Chaghervand's claims against CareFirst as "separate and independent" under 28 U.S.C. § 1441(c). Section 1441(c) provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

In *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court clarified the scope of the phrase "separate and independent" by identifying claims which the phrase clearly would not encompass. According to the Court, "where there is a *single wrong to plaintiff,* for which relief is sought, *arising from an interlocked series of transactions,* there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540 (emphasis added). In short,

[W]hat [is] determinative [is] the singularity of the harm suffered by the plaintiff, and not the various theories of recoveries used to address or compensate for that harm. *Thus, the issue is not whether there is more than one cause of action. Rather, the issue is whether these causes of action are truly separate from one another, and not simply different methods of addressing the underlying harm.*

*Rey v. Classic Cars,* 762 F.Supp. 421, 424 (D.Mass.1991) (*citing New England Concrete Pipe Corp. v. D/C Sys. of New England, Inc.,* 658 F.2d 867, 872 (1st Cir.1981)) (emphasis added).

■ In this case, although Chaghervand asserts several causes of action against different parties, the claims directed against CareFirst do not constitute "separate and independent claims" under 28 U.S.C. § 1441(c). Chaghervand alleges a single wrong (failure to timely diagnose and treat her condition), arising out of an interlocking series of events (the negligence of CareFirst and the treating physicians), and resulting in a singular harm (permanent neurological damage). Chaghervand asserts that Care-First and her treating physicians are directly liable for this damage, and, in addition, that CareFirst is vicariously liable under agency principles for the acts of its individual participating physicians. Although Chaghervand asserts these various theories of recovery against the different defendants, each claim is based on the same facts. The claims against CareFirst simply do not constitute "separate and independent claims" within the meaning of 28 U.S.C. § 1441(c).

In sum, the Court finds that CareFirst was required under 28 U.S.C. § 1446(a) to join all named defendants in the petition for removal, and that the claims against CareFirst were not removable as "separate and independent claims" within the meaning of § 1441(c). Therefore, removal of *Chaghervand* was procedurally improper.

### 2. ERISA Preemption

#### a. Preemption of Vicarious Liability Claims After *New York Blue Cross v. Travelers*

■ Courts have consistently held that causes of actions against an HMO that relate directly to the administration of claims or benefits under an employee benefit plan are preempted by ERISA. *See Kearney v. U.S. Healthcare, Inc.,* 859 F.Supp. 182, 184–85 (E.D.Pa.1994) (listing cases of preemption). Courts have divided, however, on the issue of whether ERISA preempts a medical malpractice claim against an HMO under an ostensible agency or vicarious liability theory. *See id.*

Much of the difficulty in deciding whether vicarious liability claims against an HMO are preempted has stemmed from Congress and the courts' extremely broad (and consequently indeterminate) language concerning ERISA preemption.[4] According to the stat-

---

4. As the Second Circuit stated in *Travelers Ins.* ... *Co. v. Cuomo,* 14 F.3d 708 (2nd Cir.1993):

ute itself, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). In construing this general statutory provision, the Supreme Court has stated that a law "relates to" an employee benefit plan if it has "a connection with or reference to" such a plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). According to the Supreme Court, a law may "relate to" an employee benefit plan, and thus be preempted, even if the law was not designed to affect such plans or does so only indirectly, and even if the law is consistent with ERISA's substantive requirements. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 138, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985).

Not all state law actions with some relation to an employee welfare benefit plan are preempted, however. The Supreme Court has hedged the parameters of preemption by stating that in certain instances, state actions may affect an employee benefit plan in "too tenuous, remote, or peripheral" a manner to warrant preemption, *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21, "as is the case with many laws of general application." *District of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 130 n. 1, 113 S.Ct. 580, 583 n. 1, 121 L.Ed.2d 513 (1992). Accordingly, "run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan," although affecting an employee benefit plan, have been held not to be preempted by ERISA. *Mackey v. Lanier Collection Agency & Service*, 486 U.S. 825, 833, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988).

The scope of the ERISA preemption clause has been clarified recently by the Supreme Court's decision in *New York Blue Cross v. Travelers Ins.*, —— U.S. ——, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). Al-

though *Travelers* did not specifically address the issue of HMO vicarious liability claims specifically, it nonetheless provides useful guidance.

In *Travelers*, rather than stressing the extremely expansive nature of the ERISA preemption provision, the Court began by emphasizing the judicial presumption against federal preemption in areas of traditionally local concern. The Court asserted:

> [D]espite the variety of [ ] opportunities for federal preeminence, we have never assumed lightly that Congress has derogated state regulation, but instead have addressed claims of pre-emption with the starting presumption that Congress does not intend to supplant state law. Indeed, ... *where federal law is said to bar state action in fields of traditional state regulation, we have worked on the "assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress."*

*Id.* at ——, 115 S.Ct. at 1676, 131 L.Ed.2d at 704 (citations omitted) (emphasis added). Next, the Court provided an appraisal of both statutory and its own precedential language regarding preemption:

> The governing text of ERISA is clearly expansive. Section 514(a) marks for preemption "all state laws insofar as they ... relate to any employee benefit plan" covered by ERISA, and one might be excused for wondering, at first blush, whether the words of limitation ("insofar as they ... relate") do much limiting. If "relate to" were taken to extend to the furthest stretch of its indeterminacy, then for all practical purposes preemption would never run its course, for "[r]eally, universally, relations stop nowhere." But that, of course, would be to read Congress's words of limitation as mere sham, and to read the presumption against pre-emption out of the law whenever Congress speaks to the

Whether a particular state statute is preempted by ERISA is a question of statutory interpretation, as informed by congressional intent. With understated irony, the Supreme Court has described the ERISA section at issue here as "not a model of legislative drafting." In

truth, it is a veritable Sargasso Sea of obfuscation.
*Id.* at 717 (quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985)).

matter with generality. That said, we have to recognize that our prior attempt to construe the phrase "relate to" does not give us much help drawing the line.

*Id.* at ——, 115 S.Ct. at 1677, 131 L.Ed.2d at 705 (citations omitted). Recognizing that "an uncritical literalism" would not prove useful in trying to construe the phrases "relate to" and "connection with," the Court concluded:

*We simply must go beyond the unhelpful text* and the frustrating difficulty of defining its key term, *and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive.*

*Id.* (Emphasis added).

According to the Court, Congress's intent in enacting the ERISA preemption clause was to establish the regulation of employee welfare benefit plans "as exclusively a federal concern.... The basic thrust of the preemption clause, then, was to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *Id.* at ——, 115 S.Ct. at 1677, 131 L.Ed.2d at 706. Consequently, state laws that mandated employee benefit structures or their administration, or provided alternate enforcement mechanisms would clearly be preempted. *Id.* at ——, 115 S.Ct. at 1677–78, 131 L.Ed.2d at 707. By contrast, laws which had an indirect economic influence, but did not bind plan administrators to any particular course of action or function as a regulation of the ERISA plan itself, would not be preempted. *Id.* at ——, 115 S.Ct. at 1677–78, 131 L.Ed.2d at 707–08.

■ In light of *Travelers,* this Court concludes that Chaghervand's vicarious liability claim against CareFirst would not be preempted by ERISA. Literally speaking, a claim against CareFirst based on a theory of ostensible agency "relates to" or has "a connection with or reference to" an employee benefit plan in that it would most likely require an examination of Chaghervand's plan to determine whether CareFirst "held out" the negligent physicians as its employees or agents.[5] *Travelers* cautions against a literal approach, however, and directs a court to look instead to the underlying objectives of the ERISA statute.

Neither Chaghervand's claim, nor the state law upon which it is based, implicates ERISA objectives. Chaghervand's claim does not seek to recover benefits, enforce rights, or clarify future benefits under her employer benefit plan. *See* 29 U.S.C. § 1132(a). Nor does Chaghervand's claim concern the administration or regulation of her employee benefit plan. Rather, Chaghervand's claim concerns and seeks compensation for the medical negligence of her treating physicians. CareFirst is potentially liable based on its alleged agency relation to these physicians.

Similarly, the state law upon which Chaghervand's vicarious liability claim is based does not purport to mandate or regulate employee benefit structure or administration. Rather, the common law principles of negligence are principles of general applicability which seek to compensate for any harm caused by the carelessness of others. While exposing HMOs to potential liability for the negligence of its participating physicians may, in the long run, increase the costs of operating a benefit plan, *Travelers* makes clear that an indirect economic influence, standing alone, does not mandate preemption.[6]

Finally, given that medical care is a "traditional matter of strong local concern and

---

5. In *Pomeroy v. Johns Hopkins Medical Services, Inc.,* 868 F.Supp. 110 (D.Md.1994), this Court held that:

> Any theory based on vicarious liability or ostensible agency would require Plaintiffs to show that they looked to the HMO for medical care and that the HMO held out the supposedly negligent doctor or facility as its employee.... Because these claims will necessarily involve ... an inquiry which would ultimately focus on some description or explanation of the benefit plan, this claim is inescapably "related to" the plan.

*Id.* at 113 (citing consistent cases). The Court now concludes that, in light of the Supreme Court's discussion in *Travelers,* such a literal reading of the phrase "related to" is inappropriate in the present context.

6. As the Supreme Court stated in *Travelers:*

> [T]o read the preemption provision as displacing all state laws affecting costs and charges on the theory that they indirectly relate to ERISA plans that purchase ... HMO memberships ... would effectively read the limiting language in § 514(a) out of the statute, a con-

regulation," the Court must "work[ ] on the assumption that the historic police power of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Travelers,* —— U.S. at ——, 115 S.Ct. at 1676, 131 L.Ed.2d at 705. And, as the Supreme Court stated in *Travelers:*

> While Congress's extension of pre-emption to all "state laws relating to benefit plans" was meant to sweep more broadly than "state laws dealing with the subject matters covered by ERISA[,] reporting, disclosure, fiduciary responsibility, and the like," *nothing in the language of the Act or the context of its passage indicates that Congress chose to displace general health care regulation, which historically has been a matter of local concern.*

*Id.* at ——, 115 S.Ct. at 1680, 131 L.Ed.2d at 709 (quoting *Shaw,* 463 U.S. at 98 and n. 19, 103 S.Ct. at 2890) (emphasis added).

██ In sum, while an ostensible agency analysis may indeed require reference to the contents of the employee benefit plan to adduce evidence that the HMO held out a particular physician as its employee or agent, under the *Travelers* framework, this "relation" does not sufficiently implicate the underlying concerns of ERISA to warrant preemption. *See Jackson v. Roseman,* 878 F.Supp. 820, 826 (D.Md.1995) ("Issues of agency ... relevant to the question of vicarious liability do not, without more, sufficiently implicate the policy concerns of ERISA to justify removal.") Given that Chaghervand's claim against CareFirst would not be preempted, removal would be substantively improper.

### b. Preemption Of Direct Liability Claims

██ In Chaghervand's original Complaint, she alleges that CareFirst is directly liable

for its own negligence, and vicariously liable for the negligence of the individually named physicians. Chaghervand has moved to amend her complaint to allege that CareFirst breached its contractual duty to provide necessary medical care under the plan. As noted above, claims of direct liability against an HMO for misadministration of claims or benefits under an employee benefit plan are preempted by ERISA. *See Kearney v. U.S. Healthcare, Inc.,* 859 F.Supp. 182, 184–85 (E.D.Pa.1994). Accordingly this Court must conclude that Chaghervand's direct liability claims are preempted.

In anticipation of this holding, Chaghervand has stated that "if this Court holds that Chaghervand's claim against CareFirst for its own negligence is preempted by ERISA, Chaghervand agrees to withdraw all claims that she has made against CareFirst based on CareFirst's alleged negligence and to proceed against CareFirst solely on a theory of vicarious liability." Constance Chaghervand's Memorandum of Law at 2 n. 2.

The dismissal of the direct liability claims is Plaintiff's tactical decision, and quite likely a wise one. For, the direct claims might well be "separate and independent" from Chaghervand's claims against other Defendants. Thus, the pendency of the direct claims could cause procedural difficulties for Chaghervand. Be that as it may, the Court will consider the direct claims to be withdrawn with prejudice and will deny as moot the motions seeking to amend the Complaint to add them.

### B. Declaratory Judgment Action

██ CareFirst has filed an action for declaratory judgment under 28 U.S.C. § 2201(a).[7] Whether to grant a declaratory

---

clusion that would violate basic principles of statutory interpretation and could not be squared with our prior pronouncement that "[p]reemption does not occur ... if the state law has only a tenuous, remote, or peripheral connection with covered plans."
—— U.S. at —— ——, 115 S.Ct. at 1679, 131 L.Ed.2d at 708–09 (quoting *District of Columbia v. Greater Washington Board of Trade,* 506 U.S.

125, 130, n. 1, 113 S.Ct. 580, 583 n. 1, 121 L.Ed.2d 513 (1992)).

7. Section 2201(a) provides in pertinent part:

> In a case of actual controversy within its jurisdiction.... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declara-

judgment is a matter within the sound discretion of the district court. *See Aetna Casualty & Surety Co. v. Quarles,* 92 F.2d 321, 324–25 (4th Cir.1937). Declaratory judgment is appropriate when there is an actual case or controversy between the parties, and the declaration will finally resolve the case or controversy. *American Ins. Co., et al. v. Lester, et al.,* 214 F.2d 578, 582 (4th Cir. 1954). Judgment may be refused, however, when it is " 'not necessary or proper at the time under all the circumstances.' " *Aetna,* 92 F.2d at 325. For instance, courts have not sustained attempts to circumvent the purposes of the Federal Declaratory Judgment Act, and have sought "to prevent the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for *res judicata.*" 6A Moore's Federal Practice ¶ 57.08[5], p. 57–50 (citing *Kerotest Mfg. Co. v. C–O Two Fire Equipment Co.,* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952)).

> Accordingly, a declaratory judgment should not be granted if the result is a "gratuitous interference with the orderly and comprehensive disposition of a state court litigation." Courts should not allow a litigant to attempt to use the declaratory action as a device for achieving a federal hearing in a case not otherwise removable.

6A Moore's, *supra, quoting Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1176, 86 L.Ed. 1620 (1942) and *citing New Orleans Public Service v. Majoue,* 802 F.2d 166 (5th Cir.1986).

The Fifth Circuit was presented with a procedurally similar case in *New Orleans Public Service, Inc. v. Majoue,* 802 F.2d 166 (5th Cir.1986). In *Majoue,* the plaintiff had filed an action in state court alleging wrongful discharge. The defendant, plaintiff's employer, unsuccessfully attempted to remove the action to federal district court on the ground that plaintiff's action was preempted by ERISA. The defendant then brought an action in federal court seeking a declaratory judgment that plaintiff's state claims were artfully pled claims under ERISA, and an injunction of the state court proceeding. The district court dismissed defendant's claim, holding that plaintiff's wrongful discharge claim was only peripherally and remotely related to ERISA, and thus not preempted.

The Fifth Circuit vacated the district court's judgment, stating:

> We find it unnecessary to decide whether [plaintiff's] claims are preempted by ERISA. Rather, we hold that [defendant's] suit seeking declaratory and injunctive relief is an attempt to seek collateral review of the district court's original order remanding the case to the state court. We thus vacate the judgment of the court below and remand for an order dismissing the case for want of subject matter jurisdiction.

*Id.* at 167.

 Pursuant to 28 U.S.C. § 1447(d), a district court's order remanding a cause to state court may not be appealed, even if erroneous.[8] *See, e.g., Gravitt v. Southwestern Bell Telephone Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam); *Volvo Corp. of America v. Schwarzer,* 429 U.S. 1331, 1333 & n. 3, 97 S.Ct. 284, 285 & n. 3, 50 L.Ed.2d 273 (1976); *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). The only possible relief from a remand order is through a writ of mandamus, which lies only if the district court has affirmatively stated and relied upon a non–1447(c) ground for remand. *Thermtron, supra.* Section 1447(c) provides in relevant part:

> A motion to remand the case *on the basis of any defect in removal procedure* must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before the final judgment it appears that the *district court*

---

tion, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
28 U.S.C. § 2201(a) (1994).

8. Section 1447(d) provides in pertinent part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

*lacks subject matter jurisdiction,* the case shall be remanded.

(emphasis added).

In *Majoue,* the district court had denied defendant's original petition for removal based lack of subject matter jurisdiction, an express 1447(c) ground for remand. The appellate court thus found that:

> [t]he same arguments [defendant] advances here were fully before the court on the petition for removal and subsequent petition for remand. The conclusion is thus inescapable that [defendant's] suit seeking declaratory and injunctive relief is nothing more than an artful, if not subtle, attempt to circumvent the plan language and meaning of 28 U.S.C. § 1447(d).... "[Defendant cannot] attack [a remand] order collaterally by alleging an independent action involving the same parties and claims that were present in the initial action." Nor can "this policy ... be avoided by invoking the provision of the declaratory judgment act in a case which has been remanded to a state court."

*Id.* at 167–68 (footnotes and citations omitted). The court concluded by stating:

> "The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum. It was not intended by the act to enable a party to obtain a change of tribunal and thus accomplish in a particular case what could not be accomplished under the removal act." Any other result would elevate form over substance. Section 1447(d) is not merely a formal rule, but was enacted by Congress to avoid "interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of juris-

diction of the district court to which the cause is removed."

*Id.* at 168 (quoting *H.J. Heinz Co. v. Owens,* 189 F.2d 505, 508 (9th Cir.1951), *cert. denied,* 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677 (1952) and *United States v. Rice,* 327 U.S. 742, 751, 66 S.Ct. 835, 839, 90 L.Ed. 982 (1946)).[9]

The Court agrees with the reasoning in *Majoue.* As in *Majoue,* the same arguments CareFirst advances in its declaratory judgment action (i.e., that unanimous consent among defendants is not required for removal and that claims against CareFirst are preempted by ERISA), were fully before this Court on the petitions for removal and subsequent petitions for remand in *Carolyn Page, et al. v. Kerry R. Heemans,* Civil No. L–93–372; *Patricia Ann Whitcomb, et al. v. Potomac Physicians, P.A., et al.* Civil No. JFM–93–1098.[10] In each of these cases, the Court rejected CareFirst's argument and remanded the cases for either a defect in the removal procedure or lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 1447(d), these remand orders "are not reviewable on appeal or otherwise." CareFirst's suit seeking declaratory judgment is thus nothing more than an artful attempt to circumvent the plain language and meaning of 28 U.S.C. § 1447(d). CareFirst cannot manipulate the federal declaratory judgment act to serve as "an instrument of procedural fencing" or to obtain a change of tribunal and thus accomplish in its declaratory judgment case what could not be accomplished under the removal act.

For the foregoing reasons,

A. In *Chaghervand v. CareFirst, et al.* MJG–93–1097:

 1. Plaintiff's Motion to Remand is GRANTED.

*Id.* at 168 n. 6.

---

9. The court also pointed out that:

 The fact that Congress assigned exclusive jurisdiction to the federal courts over ERISA actions which seek injunctions and other equitable relief pursuant to 29 U.S.C. § 1132(e)(1) does not serve to defeat the plain meaning and policy underlying § 1447(d). Congress also provided that "[n]othing in this subchapter shall be construed to alter, amend, modify, invalidate, impair or supersede any law of the United States." 29 U.S.C. § 1144(d).

10. As CareFirst states in its Supplemental Memorandum, "the basic thrust of CareFirst's Declaratory Judgment [is], to wit, that ERISA preempts a medical malpractice case against an HMO." CareFirst's Suppl.Memo. at 12. CareFirst also concedes that "the issues may be similar or identical between the petition for removal filed in *Chaghervand* and in the Declaratory Judgment." *Id.*

2. By separate order this case is being remanded to the Maryland Health Claims Arbitration Office.

B. In *CareFirst v. Harry Chase, et al.* MJG–93–3943:

1. Defendants' dispositive motions are GRANTED.

2. Judgment shall be entered by separate Order.